Isaac Korsoski *et al.*, Appellants, *v.* Nathan H. Foster, Appellee.

APPEAL FROM McHENRY.

A, being the holder of a note against B, to a larger amount than what A, owes B, A, may give credit for the amount due to B, so as thereby to reduce the demand of A, against B, to a sum within the jurisdiction of a justice of the peace, although the money was not then demandable by B, from A.

This was an action of assumpsit commenced before a justice of the peace in and for the county of McHenry, by summons to

" Isaac Korsoski & Co." to answer the complaint of Nathan H. Foster, etc.

Judgment rendered in favor of the plaintiff for $99.60, and costs of suit, defendant insisting that the justice had no jurisdiction in the case.

Appeal taken by the defendants to the Circuit Court of McHenry county.

The plaintiff below, to maintain the issues on his part, read in evidence a note, of which the following is a copy :

$100.                                          *Marengo, June 1st,* 1856.

Nine months after date we promise to pay to the order of Christian Miller one hundred dollars, at his house in Marengo, with use, value received.

Signed,                              J. KORSOSKI & CO.

Upon which note was and is the following assignment and indorsement, to wit :

Pay the within to N. H. Foster.                    CH. MILLER.

Received on the within, $5.13.    March 9, 1857.

The defendant below then called as a witness, *Frederick Otto,* who testified as follows :

Defendants were clothing dealers ; that plaintiff came into the store a few days before the commencement of the suit before the justice, and selected an india rubber coat, price between $5 and $6, and taking out the note given in evidence, proposed to indorse the price of the coat upon it. Defendant objected, and said that plaintiff might either pay cash for the coat, or he (defendant) would give him a credit of three or six months, as he did others. Plaintiff went out a few minutes and came back and said he would take the coat upon six months' credit, to which defendant assented, and plaintiff took the coat. I was a witness before the justice ; the defendant there objected to the indorsement on the note, and insisted that the justice had no jurisdiction, the note and interest being over one hundred dollars.

The plaintiff then called *S. R. Paynter,* who testified as follows :

Isaac Korsoski, one of the defendants, called at his office and said that Foster the plaintiff had called at his store and got a coat, and wanted to credit the price on the note; that he, Isaac, objected to it being so indorsed, but would let him (Foster) have the coat on a credit of six months. Foster then took the coat. Defendant then asked me if Foster could credit the price of the coat on the note. I told him that he could if that was all the deal they had. Witness said he made the indorsement on the note by the direction of the plaintiff, whose attorney he was ; the indorsement was the price of the coat spoken of.

Korsoski et al. *v.* Foster.

It was contended before the justice that the credit was not a fair one, and that the justice had no jurisdiction in the case.

The defendants, by their counsel, moved to dismiss the suit for want of jurisdiction in the justice of the peace, which motion was overruled by the court, and defendants excepted.

The court then gave final judgment in favor of the plaintiff for one hundred and three dollars and thirty-three cents, to which defendants then and there excepted.

Defendants then entered a motion for a new trial, which motion was overruled by the court, and defendants appealed, etc.

Glover & Cook, for Appellants.

S. Church, for Appellee.

Caton, C. J. The only question in this case is, whether the indorsement on the note, which reduced the amount due upon it to a sum within the jurisdiction of a justice of the peace, was a fictitious credit. Were it now an open question in this court, we should hesitate long before adopting the rule which has been laid down, that the holder of a note cannot release so much of it to the maker, without any consideration, as will bring it within the jurisdiction of a justice. If a creditor chooses voluntarily to release and forgive a part of the debt, which it was the duty of the debtor to pay, it seems difficult, on principle, to see why he has any cause to complain. It was his duty to pay the whole amount of the debt when it became due, and without being sued, and he who complains of having a part of it forgiven, because he may be expedited a little in the payment of the balance, should be condemned in a legal as well as in a moral point of view, for his ungracious objection. But let the past decisions stand. This case does not come within them, and we certainly feel no disposition to extend them in the least. In all the cases decided, the credits were purely fictitious, without the least excuse on the part of the creditor to remit or indorse the amount. Not so here. Foster did owe Korsoski, justly and fairly, the full amount which he indorsed on the note, but it was not yet due, or the time for which credit was given had not yet expired. Surely Korsoski ought not to complain if Foster, more prompt than he, chooses to pay his debt before it becomes due. There seems a strange kind of consistency in the conduct of one whose standard of integrity will permit him to refuse to pay his own debts, when they do fall due, and yet complains of another who pays him before his debt is due. He will come here in vain for an indorsement at the hands of this court. We are of opinion that the credit given by the indorsement on this note was fair and honest, and the judgment of the court below must be affirmed.

*Judgment affirmed.*