Raymond *v.* Strobel.

---

ENOCK H. RAYMOND, Appellant, *v.* ANTHON H. STROBEL, Appellee.

APPEAL FROM LA SALLE.

A party may remit interest, or reduce his demand, and thereby bring his claim within the jurisdiction of a justice of the peace, so as to recover judgment.

Raymond *v.* Strobel.

THIS suit was originally commenced before a justice of the peace, and taken by appeal to the Circuit Court of LaSalle county. On the trial of the cause in the Circuit Court, HOLLIS-TER, Judge, presiding, the plaintiff below introduced in evidence a note, in the words as follows:

$95.00.                                      *Ottawa, Dec.* 2, 1858.

Nine months after date, I promise to pay to the order of Augustus Leckelt, nine-ty-five dollars, value received, with ten per cent. interest per annum.

                                              E. H. RAYMOND.

Indorsed: "A. Leckelt."

And the plaintiff offered to remit all the interest on the note, for the express purpose of giving jurisdiction, and take judgment for $95 only, etc., and rested his case.

There was a motion by defendant below to dismiss the suit for want of jurisdiction in the justice, which was overruled.

Motion for new trial, and motion overruled.

The errors assigned are: overruling the motion to dismiss for want of jurisdiction; overruling the motion for new trial; and rendering judgment for plaintiff below.

BUSHNELL & AVERY, for Appellant.

C. C. BONNEY, for Appellee.

BREESE, J. The justice of the peace had jurisdiction to try this cause, and render the judgment. To say that a party may not remit the interest due him on a note, and expressly contracted to be paid, is to say that he may not release the whole debt, and any decisions of courts, however respectable, going to this extent, we are not disposed to follow.

This court, as its rulings show, has entertained views on this question wholly different from those expressed by the courts of New Jersey and Texas, to which reference has been made by appellant's counsel.

In *Ellis* v. *Snider*, Breese, 263, decided in 1830, it was held, that although the plaintiff had proved more than one hundred dollars, inasmuch as he had claimed a sum less than one hundred dollars, the justice had jurisdiction. The party suing is to judge of the extent of the claim for which he will sue.

The same was held in *Simpson* v. *Updegraff et al.*, 1 Scam. 593, where the suit was on a note for one hundred dollars, sued on long after it was due, and the plaintiff claimed no interest. The court below seemed disposed to compel the plaintiff to claim the interest, and decided that because the interest made the claim more than one hundred dollars, the justice had no jurisdiction. This decision was reversed on the same ground taken

in *Ellis* v. *Snider;* that the claim of the plaintiff must determine the jurisdiction. To the same effect is *Bates* v. *Bulkley*, 2 Gilm. 389.

In the case of *Korsoski et al.* v. *Foster*, 20 Ill. R. 32, this court held, that an indorsement made on a note, of a payment, with the express purpose of giving a justice of the peace jurisdiction, was not open to objection. The cases where a different rule prevailed, arose before the passage of the act of 1833. That act conferred jurisdiction when the sum, though originally above the jurisdiction of a justice, had been reduced by fair credits to a sum within his jurisdiction. But whatever the decisions may have been, we hold, if a creditor chooses, voluntarily, to release and forgive a part of the debt, which it was the duty of the debtor to pay, we cannot think he has any cause to complain, even if the day of payment may be hastened.

The jurisdiction of the justice must depend upon the amount claimed by the plaintiff, and this amount is, by statute, required to be indorsed on the summons, and if paid to the constable serving the summons, the plaintiff would be forever barred from any greater recovery.

A " fair credit," within the meaning of section 18, chap. 59, (Scates' Comp. 687,) is such a credit as may be given without detriment to the defendant, and for giving which, even without his knowledge, he ought not to complain.

But this is not a case of " fair credit " given. It is simply a case where a party suing, chooses to sue for and recover less than he might lawfully claim, and limits such his recovery by his own act of indorsement on the summons. To this extent he can claim, if within a magistrate's jurisdiction, but not beyond it. The case of *Ellis* v. *Snider* is full to the point.

The judgment of the court below is affirmed.

*Judgment affirmed.*