# HENRY S. CARPENTER

*v.*

# DAVID G. WELLS.

1. PARTNERSHIP—*whether a debt is a partnership affair.* The defendant in this case, on settlement with A & B, partners in the grain business, was found indebted to them in seven or eight hundred dollars, and as A was about retiring from the firm, the defendant agreed to pay the same to him with the assent of B. A then entered into partnership with the defendant, and after the dissolution of the latter firm A sued him for the same. The defendant set up that the debt was transferred to the late firm, and went into it as partnership assets, and therefore no adjustment of the matter

could be had at law: *Held,* that it was incumbent on the defendant to show that this debt went into the firm account, or was used in the concern, by competent proof, to defeat a recovery.

2. JURISDICTION—*right to reduce demand to bring it within jurisdiction of justice of the peace.* A creditor has the right to reduce his claim in order to bring it within the jurisdiction of a justice of the peace.

APPEAL from the Circuit Court of Will county; the Hon. JOSIAH McROBERTS, Judge, presiding.

Mr. THOMAS H. HUTCHINS, and Mr. G. D. A. PARKS, for the appellant.

Messrs. OLIN & PHELPS, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

The theory of appellant in this case is the same as in the next preceding case, that it was a partnership affair, and no adjustment thereof can be had in an action at law.

The facts are briefly these: Appellee had been a partner with one Cagwin, in the grain business. Appellant was a customer of that firm, and became indebted to it in the sum of seven or eight hundred dollars on a balance struck. This sum appellant agreed to pay appellee, he then retiring from the firm of Cagwin & Wells. On his doing so, he went into partnership with appellant in the grain trade and flour and grocery business. In a few weeks thereafter, this firm was dissolved, under circumstances detailed in the preceding case.

The amount being above the jurisdiction of a justice of the peace, the claim was reduced to six hundred dollars, to bring it within that jurisdiction, and a judgment had for that amount, which, on appeal to the circuit court, was affirmed.

Defendant brings the record here and makes this as his principal point, that this debt, so due by him to Cagwin & Wells, and which he had assumed to pay to Wells, was, by the consent and agreement of these parties when they formed their co-partnership, taken and considered as so much capital

put into the concern by Wells, and on this hinges the whole controversy.

The proof is overwhelming, whatever the intention of the parties may have been at the outset, that this sum never did go to the credit of appellee on the books of the concern, nor was it used in the concern during the continuance of their partnership. It is a bald case of a promise to pay an honest debt, and that promise unfulfilled. This eight hundred dollars, as the proof conclusively shows, never did go into the firm account, or into the business of the firm. If it did, it was the duty of appellant to show it by competent testimony. This he has wholly failed to do.

As to the right of a creditor to reduce his claim in order to bring it within the jurisdiction of a justice of the peace, see *Raymond* v. *Strobel*, 24 Ill. 113.

The judgment must be affirmed.

*Judgment affirmed.*