# HUGH WRIGHT

*v.*

# ELLEN SMITH.

1. APPEAL—*does not lie from order of circuit court reversing judgment of county court.* The judgment of the circuit court reversing and remanding a cause in the county court is not final, and, therefore, no appeal or writ of error will lie to reverse such judgment of the circuit court.

, 2. COUNTY COURT—*jurisdiction determined by amount claimed.* Where the declaration in a suit in the county court only claims $500, the court will have jurisdiction, notwithstanding the evidence shows that the interest justly due, when added to the principal, exceeds that sum. The plaintiff in such a case has the clear right to waive any claim for the interest which will make the debt exceed the jurisdiction of the court.

APPEAL from the Circuit Court of Vermilion county; the Hon. OLIVER L. DAVIS, Judge, presiding.

This was an action, brought by Ellen Smith, against Hugh Wright, in the county court of Vermilion county, upon a promissory note and on various loans of money. On the trial in the county court, the plaintiff, by counsel, remitted all the interest due which would make the demand over $500, but the court refused to allow the plaintiff to throw off the interest, and instructed the jury that "they must consider all the evidence without regard to any drawback offered by either party." The jury then returned a verdict for $616.30, whereupon the plaintiff offered to remit $116.30, which the county court refused to allow, and dismissed the suit for want of jurisdiction. The plaintiff took the case by appeal to the circuit court, where the judgment of the county court was reversed and the cause remanded. From this judgment of the circuit court the defendant appealed to this court.

Mr. D. D. EVANS, for the appellant.

. Messrs. TOWNSEND & YOUNG, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This appeal is prosecuted from the judgment of the circuit court reversing and remanding a cause pending in that court on appeal from the county court. It has been held, in two or three cases in this court, such judgments are not final in the sense that term is used in the statute, and, therefore, no appeal or writ of error will lie. For this reason the present appeal must be dismissed.

Inasmuch as there must be a new trial of the cause, it may not be improper to say the judgment of the circuit court reversing the judgment of the county court is entirely correct. The county court had jurisdiction of the cause. Only the sum of $500 was claimed in the declaration and summons, which was within the jurisdiction of the court. Notwithstanding it may have appeared from the evidence, when the interest to which plaintiff was justly entitled on the principal sum was added, the aggregate amount would exceed $500, yet she disclaimed the right, before the case was submitted, to recover for any sum beyond that claimed in the declaration. This she had a clear right to do, and her cause of action was within the jurisdiction of the court. The decisions of this court are conclusive on this point. *Ellis* v. *Snider*, Breese, 336; *Korsoski* v. *Foster*, 20 Ill. 32; *Bates* v. *Bulkley*, 2 Gilm. 389; *Raymond* v. *Strobel*, 24 Ill. 113.

The appeal will be dismissed, at costs of appellant.

*Appeal dismissed.*