## Case No. 17,921.

### WITT v. HERETH et al.

[6 Biss. 474;[1] 13 N. B. R. 106; 8 Chi. Leg. News, 41; 1 N. Y. Wkly. Dig. 436.]

District Court, D. Indiana. Oct., 1875.

REDUCING DEMAND TO JUSTICE'S JURISDICTION—LIEN OF EXECUTION—RECOGNITION IN BANKRUPTCY PROCEEDING.

1. In Indiana, a plaintiff may reduce his demand to bring it within the jurisdiction of a justice of the peace.

2. The lien of an execution will be respected by the bankruptcy court, though the plaintiff sued

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

out his execution immediately upon the rendering of the judgment, and the defendant filed his bankruptcy on the same day. The creditor has a right to follow all the remedies which the law gives him.

On the 31st day of July, 1875, Henry Hereth filed his complaint before William H. Schmitts, a justice of the peace in and for Center township, Marion county, Indiana, demanding judgment against William M. Aughinbaugh for two hundred dollars upon a note, the principal of which was two hundred dollars and eighty-three cents, and on the same day a summons was duly issued to a constable of said township, and served on said Aughinbaugh. On the 3d day of August, at 9 o'clock a. m., that being the time at which said cause was set for trial, the said Aughinbaugh was duly called and defaulted, and judgment was entered for the plaintiff for two hundred dollars and costs of suit.

Subsequently, on said 3d day of August, the plaintiff filed his affidavit with said justice, averring that the collection of his judgment would be endangered by further delay in the issuing of execution. Thereupon an execution was issued on said judgment, which was immediately levied upon the goods and chattels of the said Aughinbaugh sufficient to satisfy the debt and costs. And later, on said day, the said Aughinbaugh filed his voluntary petition and was adjudged a bankrupt.

On this agreed statement of facts the court is asked to decide whether the lien of the execution and levy was displaced by the subsequent proceedings in bankruptcy.

Morrow, Trusler & Henry, for complainant.
Bixby & Norton, for defendants.

GRESHAM, District Judge. Justices of the peace in Indiana have jurisdiction to try and determine suits founded on contract, when the debt does not exceed two hundred dollars. 2 Gavin & H. St. p. 579.

Unless otherwise directed, justices shall issue execution on all judgments, when the defendant has appeared, after the expiration of four days from the rendition thereof, and in cases of default after the expiration of ten days; but when it shall be made to appear by affidavit that delay will endanger the collection of the judgment, execution shall issue immediately. 2 Gavin & H. St. p. 600.

It is insisted that the justice had no jurisdiction to render the judgment, because the note sued on exceeded the sum of two hundred dollars, and that the statute did not allow the plaintiff to remit part of his claim so as to reduce it to two hundred dollars for the purpose of giving justice jurisdiction.

Even if it had appeared that the plaintiff had thus reduced his claim by remitting the interest and part of the principal, I would have no doubt on the question of jurisdiction.

The amount demanded determined the jurisdiction of the justice, and not the principal of the note or the amount actually due on it. If the plaintiff saw proper to reduce his claim to

a sum within the jurisdiction of the justice by remitting part of it, no one had a right to complain, for no one lost anything but himself. Wetherill v. Inhabitants, etc., 5 Blackf. 357; Remington v. Henry, 6 Blackf. 63.

Clearly the plaintiff was barred from maintaining another action on the same note, even if his judgment was for less than was due him. The facts agreed upon fail to show that the plaintiff remitted any part of his claim, and the presumption is that he demanded all that was due him.

It is further insisted that the filing of the affidavit, the issuing and levy of the execution upon the same day upon which the judgment was rendered, and the subsequent commencement of voluntary proceedings in bankruptcy on the same day, show collusion between the plaintiff and the bankrupt, and something more than passive non-resistance on the part of the latter. I do not think so. All these facts might have existed without collusion. It must be admitted that the circumstances excite a suspicion that the bankrupt was trying to aid the plaintiff in obtaining a lien, but they go no further. It may be that the plaintiff knew of the insolvent condition of the bankrupt before he commenced his action, and that he hoped, by diligence, to get an advantage over the other creditors. He pursued a remedy that the law gave him. The other creditors were not equally diligent, and none of them saw proper to institute proceedings in bankruptcy and invoke the aid thereby of this court to prevent the plaintiff from obtaining his judgment, execution and levy, and the law imposed no duty on the bankrupt to go into voluntary bankruptcy to defeat the plaintiff in his efforts to procure a lien. Wilson v. City Bank, etc., 17 Wall. [84 U. S.] 473.

It was as much a part of the plaintiff's remedy to file his affidavit and cause his execution to be issued and levied before the expiration of ten days, as it was to obtain his judgment.

An order will be entered requiring the assignee to pay said judgment and costs out of any funds in his hands not otherwise appropriated.

NOTE. The same rule as to reduction of demand prevails in Illinois. Raymond v. Strobel, 24 Ill. 113; Simpson v. Updegraff, 1 Scam. 594; Bates v. Bulkley, 2 Gilman, 389; Korsoski v. Foster, 20 Ill. 32; Ellis v. Snider, Breese, 336.