ELIZABETH R. NESBITT ET AL.

v.

JOSEPH DICKOVER, FOR USE, ETC.

*Garnishment—Service of Process—Effect on Lien Claimed by Sub-Contractor—Jurisdiction of Justice when Judgment Exceeds $200.*

1. The service of garnishee process works an appropriation of so much of the amount due the judgment debtor as equals the amount of the judgment with costs and interest.

Nesbitt v. Dickover.

2.  Such service defeats to that extent a lien claimed by a sub-contractor of which notice is not served upon the defendant until after the service of the garnishee process.

3.  A Justice of the Peace has jurisdiction in garnishee proceedings to render judgment for the full amount of the judgment with costs and interest, although it exceeds $200.

[Opinion filed December 11, 1886.]

Appeal from the Circuit Court of Stephenson County; the Hon. William Brown, Judge, presiding.

Statement by Lacey, J.   This was a garnishee proceeding, brought by Sanford & Rowell, judgment creditors of Joseph Dickover, against the appellants, debtors of Joseph Dickover, before a Justice of the Peace, and from thence appealed by appellee to the Circuit Court, and tried in that court without a jury on an agreed state of facts.

The Circuit Court found the issues for the appellee, and rendered judgment in favor of the garnisheeing creditors for $236.51 and costs of suit, from which judgment an appeal is taken to this court.   The substance of the agreed state of facts is about as follows: In the summer of 1885 the appellants contracted with appellee, Dickover, by verbal contract, to furnish the materials and build them a house on certain premises in Freeport, for the sum of $1,925, to be completed by December 1, 1885.

At the time of the service of the garnishee process in the case, November 10, 1885, appellants had paid to appellee $1,000 on the contract.   The house was not then completed, but $200 would cover the cost of completion, and the house, since December 1, 1885, was accepted and completed.   On the 18th day of May, 1883, said Sanford & Rowell had recovered a judgment before one Heard, a Justice of the Peace of the town of Freeport, for $200 and costs, amounting to $1.45.   On the June 8th next following, an execution was duly issued thereon and returned by the constable *nulla bona.*

The garnishee process was taken out before the Justice

of the Peace, who was the successor of Heard in respect to the above judgment, and duly served on appellants November 10, 1885. Subsequently to the service of said garnishee summons and before the hearing of said garnishee cause, notices were served on the appellants by the subcontractors of said Dickover that they would hold the said building on account of material furnished and labor performed on the said building for amounts aggregating $925, the total amount remaining due, the materials and labor being actually used in the erection of appellant's house. No other payment than the $1,000 had been made. The notice and services were regular under the statute. There were no other liens and claims.

Mr. CHARLES S. GREEN, for appellants.

Messrs. NEFF & STEVENS, for appellee.

LACEY, J. Only two questions arise on this record:

*First.* Does the claim of a judgment creditor by service of garnishee process on the debtor of such judgment debtor take precedence in payment over the legal claim for labor and materials furnished by subcontractors of the judgment debtor used in the erection of the building of such garnishee, where proper lien notice is given to the latter, but subsequently to the service of such process?

*Second.* Has the Justice of the Peace issuing such process jurisdiction to render judgment in favor of the garnisheeing creditor, against the garnishee, for more than $200, where the original judgment was for that sum but by reason of interest and costs exceeds it?

We are inclined to hold both propositions in the affirmative. There is no question arising here against there being enough funds in the hands of the appellants at the time of the service of the garnishee process already earned by the judgment debtor to more than cover the claim of appellee's garnisheeing creditor. Under the statute of 1869, the subcontractor had twenty days, after the completion of his subcontract, in which to give the owner notice of his intention to claim a

lien, and that all payments to the original contractor before the expiration of the said twenty days should be regarded as having been improperly made, as against the liens of such subcontractor. Havighorst v. Lindberg, 67 Ill. 463. But this law appearing too stringent and liable to work injustice toward those erecting buildings, and liable to compel them to pay more for their buildings than the original contract price, as Havighorst was compelled to do in the above case, the Legislature in 1874 amended the law, by which it was provided that "no claim of any subcontractor, mechanic, workman or other person, shall be a lien, under Sec. 29 of this Act, except so far as the owner may be indebted to the contractor at the time of giving such notice as aforesaid, of such claim, or may become indebted afterward to him as such contractor." Sec. 33, Chap. 82 R. S. 1874.

According to this provision, the only question under the facts of this case that can arise, and which is determinative of the point, is whether the service of the garnishee process prior to the notice is equivalent to payment by the owner of the building at the time of such service. If so, then the decision of the Circuit Court is correct; if not, it is not correct. We think the service of the garnishee process worked an appropriation from that time, of so much of the claim of the judgment debtor against the appellants as the judgment, interest and costs amounted to. From that time the garnishees could not voluntarily free themselves from the payment of the claim of the garnisheeing creditor, and the notice was only a legal demand from the day of its service, and compelled the appellants to respond to them for all the money in their hands, owing to appellee, not already appropriated by them, or which they had not become bound to pay in some other manner. From and after the date of the service of this garnishee process the appellee was not, in a legal sense, indebted to the appellants for the sum covered by this judgment. The courts in this State have always held that th garnishee must respond for every species of property in his hands, at the time of the service of the writ, belonging to the origina debtor, and all moneys owing him at that time. That is the form of

all the interrogatories filed. "What property had you in your hands at the time of the service of the writ, belonging to the original debtor, or what did you owe him at that time?" It is virtually an attaching process. The following authorities will show the holding of the courts, in this State, on the question: Smith v. Clinton Bridge Co., 13 Ill. App. 572; Glass v. Doane, 15 Ill. App. 66; McCoy v. Williams, 1 Gilm. 584; Nichols, Shepard & Co. v. Goodheart, 5 Ill. App. 574; Roche v. R. In. Ass'n, 2 Ill. App. 360; Drake on Att., Sec. 675. Directly in point is Payne v. Wilson, 74 N. Y. 348.

The case of Bigelow v. Andress, 31 Ill. 322, is of an entirely different nature. It was simply held in that case that the service of the garnishee process did not operate as a lien on the chattels held by the garnishee and 'belonging to the debtor so as to prevent the garnishee from selling them, but he would be compelled to answer for their value. He is held liable if he fails to produce the chattels.

We think the Justice, and therefore, the Circuit Court, had jurisdiction to render judgment for the judgment and the interest and costs, though it exceeded $200.

The statute is silent on the subject of the amount of the Justice's jurisdiction in cases of garnishee on judgment recovered before him unless the case is covered by the general statute on jurisdiction which we do not think it is. The statute allowing a Justice to issue garnishee process to collect judgments on his docket would fail of its object, if the Justice had no power to give judgment for more than $200, for in many cases the interest and costs and judgment would far exceed that amount. There is no court save where the judgment is rendered that can issue the garnishee writ. T. P. & W. R. W. Co. v. Reynolds, 72 Ill. 487. The garnishee mode of collecting judgments is only a statutory mode of obtaining execution Bear v. Hoys, 36 Ill. 280; Mich. Cen. R. R. Co v. Keohane, 31 Ill. 144, and the statute authorizes the Justice to enter judgment against the garnishee in case of default for the amount o the original judgment and costs. R. S., Sec. 8, Chap. 62. See Chanute v Martin, 25 Ill. 63. The garnishee proceedings is only an incident in the collec-

tion of the original judgment, and the amount of that judgment, interest and costs was the test of its jurisdiction in this proceeding. The judgment of the court below is therefore affirmed. *Affirmed.*