## JARRETT SEYMOUR ET AL.
### V.
## MARION S. SEYMOUR.

*Garnishment—County Court—Jurisdiction—Assumption of Debt of Another—Novation—Estoppel—Interest.*

1. Where property is conveyed with the understanding that the grantee shall assume certain debts of the grantor, his creditors agreeing to look to the former for payment, it amounts to a complete novation.

2. A general statement of a garnishee as to the sum in his hands previous to the beginning of suit, does not estop him from showing, upon trial, the correct amount.

3. The County Court has jurisdiction of garnishment proceedings, where the balance in the garnishee's hands, after deductions and credits, is less than $1,000.

[Opinion filed February 21, 1889.]

IN ERROR to the County Court of Morgan County; the Hon. O. P. THOMPSON, Judge, presiding.

Messrs. MORRISON & WHITLOCK, for plaintiffs in error.

This case was decided by the court below, as shown by the record of the judgment, for want of jurisdiction. The court, in rendering its opinion, was evidently following the doctrine announced in the case of Haines v. O'Conner, 5 Ill. App. 213. The doctrine announced in that case, while binding in that case, has not, so far as we have been advised, been regarded by the profession as a recognized authority. Nor has it been so regarded by the Appellate Court of other districts in this State. In the case of The Home Insurance Co. v. Kirk, 23 Ill. App. Reports, 16, the court say: "In so far as the case of Haines v. O'Conner conflicts with the views here expressed we do not approve of it." And certainly it seems to us that the reasons and authorities cited in the latter case are entitled to greater consideration than in the Haines case. True, it can not be said that the Haines case has been overruled, as

under the statutes it is not authority, except in the case decided; but even admitting that principle of law to be correct, we insist that it would not be applicable in this case.

The evidence shows, as testified by McCurley and in substance not contradicted by Seymour, that on the day the attachment suit was instituted, and before it was so instituted, McCurley went to Seymour and asked him how much he owed Jarrett Seymour, the debtor, to be attached, and that Seymour, the garnishee, then told him it was between $450 and $500, and that he (McCurley) then, acting on that statement, instituted the suit. The garnishee, in substance, admits this. This would be an estoppel *in pais*, for on this statement alone the suit was instituted. But for this statement McCurley would not have incurred the expense of litigation. People v. Brown, 67 Ill. 435; Smith v. Newman, 38 Ill. 230; Mills v. Graves, 38 Ill. 455.

It may, however, be insisted that there was no intent on the part of the defendant in error to deceive McCurley, hence that there was no fraud—one of the conditions of an estoppel *in pais*. While it is sometimes stated by text writers that an intent to deceive, or, in other words, an active fraud, is necessary to constitute an estoppel, still the authorities, we insist, do not justify that position so broadly stated. It is not necessary that the party should willfully intend to mislead. Cont. Nat. Bank v. Nat. Bank, etc., 50 N. Y. 575; Sharply v. Abbott, 42 N. Y. 443; Manfr's and Traders Bk. v. Hazard, 30 N. Y. 226; Blair v. Wait, 69 N. Y. 113; Hill v. Blackwilder, 112 Ill. 283.

Silence, where a party has the opportunity to speak, and in good faith ought to speak, will work an equitable estoppel. Veile v. Judson, 82 N. Y. 32; Abbott v. Herman, 7 Maine, 118; Preston v. American Linen Co., 119 Mass. 400; Blackwood v. Jones, 4 Jones' Eq. (N. C.) 45; Hall v. Fisher, 9 Barb. 17.

Again, Seymour, the garnishee—admitting that he acted honestly, and as to this action is an innocent party and is liable to suffer—was negligent, and has subjected himself to the application of the rule of law that where one of two inno-

cent parties are to suffer, he whose negligence has contributed to that condition must be the sufferer. Indeed, we are at a loss to understand how it could be possible that he should not know how much he owed his grantors. At the time he assumed the payment of the notes he certainly knew, or ought to have known, how much he was to pay. No prudent business man would assume the payment of unknown amounts; and McCurley had the right to presume, at the time he held the intercourse with him, that he (Seymour) did know how much of Jarrett Seymour's indebtedness he had assumed. If a party negligently makes a statement of facts in ignorance, which induces another to act, he will be held estopped. Souzy v. Collins, 40 Iowa, 540; Calhoun v. Richardson, 30 Conn. 210.

Mr. CHARLES A. BARNES, for defendant in error.

In a garnishee proceeding the garnisheeing creditor will have no greater rights to recover of the party garnisheed than would the execution debtor, in whose name the suit is brought. Richardson v. Lester, 83 Ill. 55; Dressor v. McCord, 96 Ill. 389; Crownover v. Bamburg, 2 Ill. App. 162.

Where one enters into a simple contract with another for the benefit of a third, such third person may maintain an action for breach, and such contract is not within the statute of frauds. Eddy v. Roberts, 17 Ill. 505; Arnold v. Lyman, 17 Mass. 400, and cases cited. See also Eggleston v. Buck, 24 Ill. 262; Brown v. Strait, 19 Ill. 88.

In this country the right of a third party to bring an action on a promise made to another for his benefit, is generally asserted, and is the prevailing rule with us. Bristow v. Lane, 21 Ill. 194, and cases cited. See also Reid v. Degener, 82 Ill. 508.

Novation may be where the debt remains the same, but a new creditor is substituted for the old. This is also called *delegatio* for the reason that all three parties must assent to the new bargain. In every novation the old debt is wholly extinguished by the new. An important rule of novation is that the extinction of the debt destroys also all rights and liens appertaining thereto. 2 Bouv. Law Dic., 242, title Novation.

An agreement consented to by a mortgagee, whereby the grantee of the mortgaged premises assumes payment of the mortgage note as part of the purchase money, constitutes a novation which discharges the original mortgagor and renders the grantee the sole debtor. Brown v. Kirk (Mo. App.), 3 West. R. 762.

Where the garnishee, having bought property from the defendant and debtor, assumed as part of the agreed price the payment of a debt due to a third person, the promise inured to the benefit of that person, and the defendant's right of action was suspended until his creditor repudiated the transaction. Bank v. Coleman, 81 Ala. 170.

Where the three parties agree to the novation the original debt is extinguished and a new contract made. Applying these rules to this case, Jarrett Seymour sold the land to Marion Seymour, and in consideration thereof Marion was to pay certain indebtedness. Jarrett Seymour and the father of Marion went to see the creditors to see if they would consent to the new arrangement. They agreed to release Jarrett and look only to Marion. Marion then guaranteed to pay the notes by indorsement on the back of them. By this mutual arrangement was not Jarrett released, the old debt canceled and a new contract made? In other words, was there not a novation? If so, who did Marion Seymour owe—Jarrett or the creditors? We claim he owed the money to the creditors, Ransdall, Evans and Robert Seymour, and so, not being liable to Jarrett Seymour, except for what balance there might be, he could not be garnisheed by a creditor of Jarrett Seymour's, except for the balance of $8.64, which he admitted and brought into court and deposited with the clerk, where it now remains subject to the order of McCurley. If our view of the law is correct, then this court should sustain the cross-errors herein, even if it should be held that the County Court had jurisdiction.

The court below held that the County Court did not have jurisdiction of this cause, because the amount he held to be in the hands of the party garnisheed exceeded $1,000, the limit of jurisdiction in the County Court. This question has never

been passed upon by our Supreme Court, but the first district of this court held, in the case of Haines v. O'Conner, 5 Ill. App. 213, that " in legal contemplation, the plaintiff and the matters between him and the garnishee constitute the case, and it is the amount claimed or the value of the property in controversy as between them, and not the amount claimed as between the attaching creditor and the defendant, which constitutes the test as to jurisdiction. That is, although the amount claimed by the attaching creditor does not exceed $1,000, yet, when a third party is garnisheed, the amount owing by him to the value of the effects in his hands belonging to the defendant in the attachment, will then become the test as to that proceeding, and if it exceeds $1,000 the County Court has no jurisdiction."

This opinion was rendered by an able judge (McAllister), who has adorned the bench of our Supreme Court, and the reasons given for this view in this opinion, and the case cited of Moore v. Woodruff, 5 Ark. 214, well express the endless litigation and costs that would be as intolerable as unwarrantable if the law were otherwise. This decision has very recently been followed in this court in the case of Powell v. Hyndman, appeal from Greene county, not yet reported. After stating the facts, and that the amount involved exceeded $1,000, the opinion says: " Upon the authority of Haines v. O'Conner, 5 Ill. App. 213, the County Court erred in refusing to dismiss the cause for want of jurisdiction. For this error the judgment is reversed."

We thus have this view of the law sustained by the first district, and approved by the third.

We have not been able to find a case anywhere, holding the contrary view. Counsel for plaintiff in error cite the case of Home Ins. Co. v. Kirk, 23 Ill. App. 19, and rely solely upon it for a reversal of this cause, and without that case this writ of error would never have been taken. In this case the court does not squarely decide the question of jurisdiction, but discussed the question as to how a judgment in garnishee proceedings should be entered, and that the jurisdiction of a justice of the peace in garnishee proceedings can not be questioned by one not a party thereto in a collateral proceeding.

We insist there is no conflict. Even if there were, we have the first and third districts in favor of our position, as against this opinion from the second.

The question of estoppel *in pais*, argued by plaintiff in error, it seems to us, does not apply to this case. The evidence shows that when McCurley asked Marion Seymour the amount he owed Jarrett Seymour, nothing was said as to why the question was asked, or that any attachment suit was proposed. To this question Marion replied, as his evidence shows, that he did not know; that he had not figured it up.

WALL, P. J. This was a garnishee proceeding in the County Court. After a hearing the court dismissed the proceeding for want of jurisdiction, upon the theory that the debt from the garnishee to the judgment debtor exceeded $1,000.

It appeared that the garnishee had purchased a farm from the judgment debtor, and out of the price agreed on, $4,300, he was to pay certain creditors of the latter and the taxes for 1885 and 1886, and to pay him the balance. The garnishee was accepted by these creditors in lieu of the original debtor and they consented to look to the former only and to release the latter from all liability. He paid the taxes. This left the garnishee owing the judgment debtor only the difference between the purchase price and the aggregate of the debts assumed. As to these there was unquestionably complete novation.

The balance so due from the garnishee was less than $1,000. By virtue of the statute, Chap. 37, Sec. 120, county courts have jurisdiction in all that class of cases wherein justices of the peace have jurisdiction, where the amount claimed does not exceed $1,000. Justices of the peace have jurisdiction in all cases where debt or assumpsit will lie, where the amount claimed does not exceed $200, and it is expressly declared that the section shall apply where the claim originally exceeded $200, but by credits or deductions has been reduced to the limit. Chap. 79, Sec. 13; Ellis v. Snider, Breese, 336; Hugunin v. Nicholson, 1 Scam. 575; Raymond v. Strobel, 24 Ill. 113.

The County Court no doubt had jurisdiction of the balance due from the garnishee, the sum which could be claimed being less than $1,000, and it was error to dismiss the proceeding.

In his answer and by his testimony the garnishee showed that he owed the judgment debtor $8.64, which sum he offered to pay.

By cross-error it is urged that the court should have rendered judgment against the garnishee for this amount. The garnishee undertook to pay the claims (except the Ransdall mortgage) then; that is, at the time the deed was made; and whatever extension he received was a matter of benefit to him. The interest paid for such extension should not be credited.

As to Ransdall's claim the deed provided that the grantor was to pay interest up to March 1, 1887, and the interest paid to that time would be a proper credit to the garnishee. The balance of $8.64, as made up by the garnishee, depends upon a credit which he gives himself for interest paid for extension after he should have discharged the claims, and was therefore less than he really owed. The cross-error must therefore be overruled. Appellant urges that there is in the case an element of estoppel based upon the fact that before these proceedings were instituted the garnishee admitted to appellant an indebtedness of $400, or more, whereupon the suit was commenced. We think this position not well taken; appellee was not professing, or understood to be making an accurate statement, nor one that he would be bound by. We see nothing in the nature of an estoppel upon the facts appearing in this record. The judgment will be reversed and the cause remanded.

*Reversed and remanded.*