### Ryerson & Son v. Smith, Assignee of the Porter Boiler Manufacturing Co.

1. MECHANICS' LIENS—*Construction of the Statute.*—The 29th section of the statute, Ch. 82, entitled Liens, gives a lien to one who furnishes materials. Section 30 of the same requires a notice to the owner from the one who does so. Section 33 enacts that "No claim shall be a lien under section 29, except so far as the owner may be indebted to the contractor at the time of giving such notice."

2. ASSIGNMENTS FOR THE BENEFIT OF CREDITORS — *Effect upon Mechanics' Liens.*—Section 11 of the act concerning assignments enables the assignee "to sue for and recover" in his own name "everything belonging" to the estate of the assignor; the legal title of choses in action of the assignor must therefore, by the assignment, vest in the assignee, and the owner is no longer indebted to the contractor.

**Memorandum.**—Assignment for the benefit of creditors. Appeal from the County Court of Cook County; the Hon. FRANK SCALES, Judge, presiding. Heard in this court at the October term, 1893, and affirmed. Opinion filed December 21, 1893.

The statement of facts is contained in the opinion of the court.

RUNNELLS & BURRY and ARTHUR RYERSON, attorneys for appellant.

HAMLINE, SCOTT & LORD, attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

I write the opinion of the majority of the court, which is in accord with all the direct authority upon the subject, but which I believe to be wrong; and as the authorities are all, save one in the second district—Nesbitt v. Dickover, 22 Ill. App. 140 —from other States, we are not bound to follow them.

The appellant is a corporation and the appellee is the assignee for the benefit of creditors of the Porter Boiler Mfg. Co., the assets being administered under the direction of the County Court.

The Boiler Co. was a contractor for the erection of structures of very considerable cost, and the appellant as a sub-contractor, furnished the Boiler Co. with materials therefor to the amount of over $3,500. While the structures were being erected the Boiler Co. made the assignment to the appellee, and he, under the order of the County Court, completed them. The materials furnished by the appellant were all supplied before the assignment, but the notices by the appellant to the owners of the structures for whom they were erected, were not given until after the assignment. No statement of facts in more minute detail is necessary, as the single question in the case is : Does the assignment cut off the claim of the appellant, under the mechanics' lien law, upon the owners ?

The 29th section of the statute, Ch. 82, Liens, gives a lien to one who furnishes materials. Section 30 requires a notice to the owner from the one who does so. Section 33 enacts that " No claim  *  *  *  shall be a lien under section 29  *  *  *  except so far as the owner may be

indebted to the contractor at the time of giving such notice," with other provisions not applicable to this case.

Section 11 of the act concerning assignments enables the assignee " to sue for and recover " in his own name "everything belonging " to the estate of the assignor. The legal title of choses in action of the assignor must therefore, by the assignment, vest in the assignee, and the owner is no longer indebted to the contractor.

Upon this ground, in effect, all the cases are based, though some of them are cases in which only an equitable title passed, or the fund was attached by garnishee process. Nesbitt v. Dickover, *supra;* Craig v. Smith, 37 N. J. Law, 549; Kulp v. Chamberlain, 31 N. E. Rep. 376; Dorestan v. Kreig, 66 Wis. 604; Hall v. Banks, 79 Wis. 229; Copeland v. Manton, 22 Ohio St. 398.

So far as we have access to the legislation in this State, it manifests a policy that those who contribute to an increased value of real property by labor or materials should have a lien upon the property. That " derogation of the common law" and "strict construction" have been obstacles to carrying out that policy, seems not a far-fetched conclusion.

My own opinion is that the words in section 33 "may be indebted to the contractor, " should be read as meaning " indebted upon the contract."

The judgment of the County Court to the contrary is affirmed.