## Edward Hines Lumber Company v. Charles F. Ream.

1. NOTICE—*Of Trials on Short Cause Calendar.*—Under the rule of court requiring eleven days notice of trial for cases upon the short cause calendar, a notice served on the fifth is sufficient for Monday, the sixteenth.

2. JUSTICES OF THE PEACE—*Division of Cause of Action.*—A party having an open account against another, is not required to sue for more than he wishes to when bringing an action before a justice of the peace.

3. APPELLATE COURT PRACTICE—*What the Abstract Must Show.*— The burden is upon the plaintiff to show by his abstract that the judgment of the court below is erroneous, and in what that error consists.

**Assumpsit**, for work, labor and services. Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed June 11, 1896.

GRAHAM H. HARRIS, attorney for appellant.

CHARLES L. MAHONY, attorney for appellee.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

This case is for wages earned by the appellee, and was commenced before a justice. The first objection made by appellant's brief relates to an abandoned effort by the appellee to place the cause upon the "Short Cause Calendar," which effort, being abandoned, we need not consider.

Next, that as the rule of court requires that notice to place a cause upon that calendar shall be served, not later than eleven days before the day on which it is set for trial, a notice on the 5th—the 15th being on Sunday—is too late for Monday, the 16th, because Sunday is not to be counted. The same question in principle was decided in Bowman v. Wood, 41 Ill. 203. Service on the 22d of September, 1865 (which we judicially know was Friday), was held to be in time for the term, beginning October 2d (which was Monday); Sunday was counted as one of the necessary ten days, and if

Friday be ten days before the second Monday following, Thursday must be eleven.

It is also objected that, under the second notice, the cause occupied the same position on the calendar that it had received under the abandoned one, which well might be, as there is nothing to show that any other cause was on it at all. Then it is said, that after the appellee had worked for the appellant at their yards for more than eight months, and it had paid him $350 on account of wages, proof that he was engaged by the president was not sufficient to charge the company, and that if he was paid all that was due him, it would exceed the jurisdiction of the justice by two dollars, and therefore he ought to recover nothing. Raymond v. Strobel, 24 Ill. 113, decides that a plaintiff need not sue for more than he wants.

Lastly, it is said that damages for delay ought not to have been given. The abstract does not show what judgment was rendered, and what other purpose than delay the appeal was for we can not discover.

Having thus considered all the weighty reasons for reversing this judgment, it is affirmed.