Congress Construction Co. v. Farson & Libbey Co.

---

## Congress Construction Co. v. Farson & Libbey Co.

1. PRACTICE—*Actions at Common Law Are to be Maintained in the Name of an Assignor.*—By the rules of the common law, actions by the assignee in cases of assignment are to be maintained in the name of the assignor.

2. SAME—*The Assignee Has Power to Sue and Recover in His Own Name.*—Authority is conferred by the assignment law of this State on the assignee to sue and recover in his own name as fully as the assignor might have done except for the assignment. This power being purely

statutory it must of necessity expire with the termination of his func-
tions as assignee.

3. SAME—*Right of Assignee to Sue, Not Conveyed to Third Parties.*
—Though by the assignment the right to sue in his own name is con-
ferred, under the statute, on the assignee, that right is not conveyed to
third parties by the purchase from the assignee of a chose in action
belonging to the insolvent's estate.

4. SAME—*Purchaser of Chose in Action, Must Sue in Name of
Assignor.*—A purchaser of a chose in action from an insolvent's estate
must sue in the name of the insolvent assignor.

Assumpsit.—Common counts.  Error to the Circuit Court of Cook
County; the Hon. EDWARD F. DUNNE, Judge, presiding.  Heard in the
Branch Appellate Court at the March term, 1901.  Affirmed.  Opinion
filed March 18, 1902.

Statement.—This is a suit originally brought by or in
the name of one Charles E. Payne, as assignee of Farson &
Libbey Company, insolvent.   The declaration sets forth the
assignment by said insolvent to said Payne by general deed
of assignment for the benefit of creditors.   In addition to
the pleas of general issue and set-off, the defendant sub-
sequently filed a plea of *puis darrein continuance* alleging
that after the supposed causes of action accrued the claim
sued on was sold by the assignee to one William Wilson,
and that the plaintiff had thereafter been discharged as
assignee.   A demurrer to this plea having been overruled,
an amended declaration was filed, wherein the Farson & Lib-
bey Company, for the use of said William Wilson, was sub-
stituted as the plaintiff, and the assignment to Payne, the
sale by said assignee of all the remaining assets to said
Wilson, the discharge of the assignee, and the settlement
of the estate of Farson & Libbey Company were set up.
To this amended declaration the defendant demurred, and
the demurrer having been overruled, the defendant pleaded
the general issue with notice of special defense, set-off, *nul
tiel corporation*, etc., upon which pleas issue was joined.
The proof showed that all the accounts of the insolvent,
including the claim in controversy, had been sold by the
assignee to Wilson under an order of the County Court
after the beginning of the suit and before the trial, and
that the assignee had been discharged.   A jury returned a

Congress Construction Co. v. Farson & Libbey Co.

verdict in favor of the plaintiff for $1,520.12, upon which judgment was entered, and the defendant appeals.

EDWIN F. ABBOTT, attorney for plaintiff in error.

PARKER & PAIN, attorneys for defendant in error.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

The first contention of plaintiff in error is that the plaintiff in the amended declaration, the Farson & Libbey Company, had no interest in the subject-matter of the suit, neither when it was begun, nor when the judgment was entered; and it is also contended that appellant was in no way indebted to the Farson & Libbey Company at the time of the assignment nor afterward; that the assignment by the said insolvent conveyed no legitimate claim to Payne, the assignee, and consequently none was ever acquired by Wilson by his purchase of all the outstanding accounts of the insolvent.

It is doubtless true that to enable the suit to be maintained in the name of Farson & Libbey Company it must appear said company has some legal interest in the subject-matter of the action. The first section of the act concerning voluntary assignments for benefit of creditors provides that " such assignment shall vest in the assignee or assignees the title to any other property not exempt by law, belonging to the debtor or debtors at the time of making the assignment and comprehended within the general terms of the same." (R. S. Chap. 10.) Section 11 of the same act provides, " That any assignee or assignees as aforesaid, shall have as full power and authority to dispose of all estate, real and personal, assigned, as the debtor or debtors had at the time of the assignment, and to sue for and recover in the name of such assignee or assignees everything belonging to or appertaining to said estate, real or personal, and generally to act and do whatsoever the said debtor or debtors might have done in the premises." Section 15 provides for the discontinuance of proceedings under the assignment act upon certain contingencies, and in such event remits all

parties to the rights and duties existing at the date of assignment except so far as the "estate shall have already been administered and disposed of."

An action " in all cases by the rules of the common law is maintained by the assignee in cases of assignment in the name of the assignor." (Pollard v. Somerset, etc., 42 Maine, 221–227.) But as is said in the same case, " there is a class of cases where, by special legislation, authority has been given to maintain a suit in the name of the assignee." Such is the authority conferred by the assignment act of this State above referred to. The assignee has power, because it is conferred by the statute, to sue and recover in his own name as fully as the assignor might have done except for the assignment. While the assignment is in force this power continues. But it is purely statutory, conferred upon the assignee as such, and it must of necessity, we think, expire with the termination of his functions as assignee, whether such termination be brought about by the discontinuance of proceedings with consent of creditors as provided by section 15 of the act above referred to, or by the winding up of the estate and discharge of the assignee by the County Court. Though by the assignment the right to sue in his own name is conferred, under the statute, on the assignee, that right is not conveyed to third parties by the purchase from the assignee of a chose in action belonging to the insolvent's estate. The assignment does not create any privity of contract between the assignee and the insolvent's debtor. It confers only a legal right on the assignee as the insolvent's representative to sue in his own name, a right which is not made transferable by the statute nor by the common law. A purchaser of such chose in action must sue as at common law in the name of the insolvent assignor. As is said in McJilton v. Love, 13 Ill. 486–496, at common law a chose in action, such as a judgment, " can not be so transferred as to vest the legal interest in the assignee. It is a mere chose in action, and the beneficial interest only passes by the assignment. The assignee, however, has the right to enforce its collection for his benefit, and for that purpose to use the name of the

Congress Construction Co. v. Farson & Libbey Co.

party possessing the naked legal title." In Reeve v. Smith, 113 Ill. 47–52, it is said:

" It is familiar law that a chose in action is not assignable either at common law or under the statute of this State so as to vest the legal title in the assignee. Such assignee will take the same subject to all defenses that existed against the assignor."

We are referred by the attorney for plaintiff in error to Ryerson & Son v. Smith, 51 Ill. App. 270–272, in which reference is made to the statutory provision enabling an assignee to sue in his own name, and it is said:

" The legal title of choses in action of the assignor must therefore, by the assignment, vest in the assignee."

The argument of the attorney for plaintiff in error is that the legal title having once passed to the assignee, the insolvent lost all legal right, and consequently suit could never thereafter be maintained in the name of such insolvent assignor. It may be that the mere statutory right conferred on the assignee as holder of the beneficial interest to sue in his own name, carries with it a legal title. But if it does it is only a temporary legal title which, having no basis in the common law, is dependent solely on the express provision of the statute for its existence and dies with the power which the statute gave. The statute does not make this right of the assignee transferable. It is vested in the latter only so long as he continued to be assignee. The assignment, while it suspended, did not extinguish the naked legal title in the insolvent assignor, and when the assignment ceased to be operative the assignee's right to sue terminated with his functions as assignee.

It follows that while the suit was properly brought originally by the assignee in his own name, his right to so maintain the action ceased with his transfer of the claim to Wilson and his discharge as assignee. Wilson acquired the beneficial interest and with it the right to enforce collection of the claim for his own benefit, and for that purpose to use the name of the assignor. The judgment was therefore properly rendered in the name of the Farson & Libbey Company for use of Wilson.

It is claimed that the material furnished by the plaintiff was not that called for by the specifications, and that the evidence fails to show a substantial compliance with the contract. The question of fact was submitted to the jury and we find no sufficient reason to disturb the finding, the evidence being somewhat conflicting, but on the whole tending to show a substantial compliance by the plaintiff with the contract.

The defendant offered in evidence two promissory notes made by plaintiff to a third person by way of offset. But as no error is assigned upon the rulings of the court with reference thereto, that matter is not open to consideration.

Finding no substantial error in the judgment it must be affirmed.