## The Cable Company v. James Elliott.

1. EXCEPTION—*when essential to save question for review.* In order to review the action of the court in ruling upon evidence it is essential that an exception be taken to the ruling.

2. INSTRUCTIONS—*how to be considered.* Instructions are to be regarded as a series and the omissions of one may be supplied by the contents of another.

3. JURISDICTION OF JUSTICE—*right of plaintiff to bring claim within.* A plaintiff may reduce the amount of his claim so as to bring the same within the limit of the justice's jurisdiction.

Action commenced before justice of the peace. Appeal from the Circuit Court of St. Clair County; the Hon. R. D. W. HOLDER, Judge, presiding. Heard in this court at the August term, 1904. Affirmed. Opinion filed September 8, 1905.

J. H. McMURDO, for appellant; D. E. KEEFE, of counsel.

JAMES O. MILLER and A. FLANNIGEN, for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was a suit before a justice of the peace of St Clair county, by appellee against appellant, to recover a balance claimed to be due him from appellant, for various items of service rendered. From the justice's judgment the case was appealed to the Circuit Court, where it was again tried by jury, resulting in a verdict and judgment in favor of appellee for $200.

The state of accounts between appellee and appellant was open and unsettled, and appellee claimed there was due him a balance of $200. He sued for this balance before a justice of the peace.

The errors relied upon by counsel for appellant in support of their contention that the judgment in this case should be reversed are, that the court admitted improper evidence; that the fourth and fifth instructions given on behalf of appellee do not correctly state the law; and that the verdict is against the weight of the evidence.

The evidence complained of was concerning the value of certain services which appellee had rendered for appellant.

The record discloses that much of this evidence was not objected to. In two instances, however, objections were interposed, but the court did not rule upon either of these objections and no exceptions were taken to the failure of the court to rule. If one desires to avail of an objection, he must first insist upon and obtain a ruling of the court, or he must insist upon a ruling and if the court refuses to rule, then except to such refusal.

The fourth instruction is as follows: " The court instructs the jury that if you believe from the evidence in this case that the plaintiff is entitled to recover, you may find the amount due him in any sum not greater than the amount claimed in the summons, which the evidence may show he is entitled to." The objection urged against this instruction is, that it does not require the plaintiff to prove his case by a preponderance of the evidence. Whatever defect there may be in this instruction in the respect complained of, is fully cured by the second instruction given on behalf of appellant, which is as follows: " The court instructs the jury that the plaintiff must make out his case by a preponderance of the evidence, and if you believe from the evidence he has failed to do so, your verdict should be for the defendant." These instructions are of that class requiring them to be read and considered together as one series, and when so read and considered no just cause for complaint appears.

The fifth instruction told the jury that " notwithstanding it may appear from the evidence that plaintiff's claim may aggregate more than $200, yet he is entitled, at any time before the case is submitted to the jury, to disclaim the right to recover for any sum beyond that claimed in the summons."

The amount claimed in the summons was $200, the limit of jurisdiction of a justice of the peace, and there was evidence tending to prove that the aggregate of the many items constituting the balance which plaintiff claimed defendant owed him exceeded that sum.

Counsel contend that in such case the suit should have

been brought in a court of record, and cite Lucas v. Le. Compte, 42 Ill. 303. This case only decides that upon such state of facts one cannot split up his demand and maintain two separate suits on it, in a justice of the peace court, but it does not decide that he cannot disclaim as to the excess and recover any amount within the jurisdiction of the justice. " A creditor has the right to reduce his claim in order to bring it within the jurisdiction of a justice of the peace." Raymond v. Strobel, 24 Ill. 113; Carpenter v. Wells, 65 Ill. 451; Wright v. Smith, 76 Ill. 216; Hull v. Webb, 78 Ill. App. 617; Edward Hines Lumber Company v. Ream, 64 Ill. App. 608. The last case cited was a suit on open account for a balance due for services. After allowing to appellant in that case a credit for $350, there still remained something over $200 due to appellee. The court held that in such case the justice of the peace had jurisdiction and that the plaintiff might disclaim the excess and recover the $200.

As to the weight of the evidence, we find no cause for disturbing the verdict. There was evidence *pro* and *con* as to the character, amount and value of appellee's services and as to the amount of the balance due him. We think the verdict of the jury upon this evidence should be allowed to stand.

The judgment of the Circuit Court is affirmed.

*Affirmed.*