a child five years of age, and that the injuries were lacerations of the head and slight fracture of the skull, causing unconsciousness for a short time, and necessitating hospital treatment for eight days, and it also appearing that within three or four weeks after the accident, and subsequently, neighbors saw plaintiff playing around evidently in good health.

---

**William S. Douglas, Appellant, v. William E. Dee, Appellee.**

**Gen. No. 20,841.    (Not to be reported in full.)**

Appeal from the Circuit Court of Cook county; the Hon. ADELOR J. PETIT, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed October 5, 1915.

## Statement of the Case.

Action by William S. Douglas, plaintiff, against William E. Dee, defendant, in the Circuit Court of Cook county, on appeal from a judgment of a justice of the peace of Cook county, to recover a commission for the sale of a truck, under a contract that defendant should pay plaintiff, as a commission for the sale, any amount in excess of $1,550 for which the truck should be sold. The sale was made for $1,875. After a trial by jury in the Circuit Court, and verdict for plaintiff for $240, defendant moved for a new trial and to dismiss for want of jurisdiction, and the court allowed both motions. From a judgment for defendant for costs, plaintiff appeals.

CHARLES KRAMER and JOHN S. DORNBLASER, for appellant.

JOHN M. QUINLAN, for appellee.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

## Abstract of the Decision.

1. JUSTICES OF THE PEACE, § 247*—*what nature of proceedings on appeal.* On appeal from the judgment of a justice of the peace, the case must be tried *de novo*, unless the evidence shows that the justice had no jurisdiction of the subject-matter of the action, the court having in such case the same, and no other or more extensive jurisdiction than the justice whose judgment is appealed from.

2. DISMISSAL, NON-SUIT AND DISCONTINUANCE, § 33*—*what proper time to entertain motion to dismiss.* A court has no power to entertain a motion to dismiss for want of jurisdiction until the evidence is heard, for the reason that the question of jurisdiction can only be determined from the evidence.

3. COURTS, § 69*—*when want of jurisdiction cannot be waived.* Although the want of jurisdiction of the parties to an action may be waived, the want of jurisdiction of its subject-matter cannot be waived, for the reason that jurisdiction of such subject-matter cannot be conferred on a court by consent.

4. PLEADING, § 78*—*how jurisdiction questioned.* Want of jurisdiction may be taken advantage of either by plea or by motion to dismiss, and a motion to dismiss on the ground of want of jurisdiction to take any action at all may be made at any time.

5. COSTS, § 14*—*when allowed on dismissal for want of jurisdiction.* Where the court properly allows a motion to dismiss for want of jurisdiction, judgment against plaintiff for costs is also proper.

6. DISMISSAL, NON-SUIT AND DISCONTINUANCE, § 33*—*when proper to dismiss for want of jurisdiction.* A motion to dismiss for want of jurisdiction is properly allowed where the evidence fairly tends to show that plaintiff's claim is for an amount in excess of the jurisdiction of the court, unless plaintiff, not later than the conclusion of all the evidence, disclaims the right to recover more than the amount fixed as the limit of the jurisdiction of the court, and a remittitur at a later time is ineffectual to cure the want of jurisdiction.

*See **Illinois Notes Digest**, Vols. XI to XV, and **Cumulative Quarterly**, same topic and section number.