# Henry Carstens, Jr., Appellant, v. Kienstra & Kesl, Garnishees, and Curtis James, Claimant, Appellees.*

1. JUSTICES OF THE PEACE—*jurisdictional amount in garnishment.* Cahill's St. ch. 79, plainly provides the statutory method for determining the amount beyond which the justice has no jurisdiction in garnishment proceedings, so that if the amount of the garnishor's demand is above $300, the justice has no jurisdiction.

2. JUSTICES OF THE PEACE—*acts beyond jurisdiction as void.* The acts of a justice in cases not provided for by statute are null and void.

3. JUSTICES OF THE PEACE—*effect of consent to jurisdiction.* Consent of the parties will not give a justice jurisdiction in cases in which the statute gives him none.

Appeal by plaintiff from the Circuit Court of Madison county; the Hon. J. F. GILLHAM, Judge, presiding. Heard in this court at the October term, 1923. Affirmed. Opinion filed March 10, 1924.

R. F. TUNNELL, JR., for appellant.

TERRY, GUELTIG & POWELL, for appellees.

MR. JUSTICE BOGGS delivered the opinion of the court.

On November 28, 1919, appellant recovered a judgment against one Willis Weeks before a justice of the peace in Madison county for the sum of $300 and costs of suit. On October 28, 1922, garnishment proceedings were instituted by appellant before said justice of the peace, and appellees Kienstra & Kesl were served as garnishees. The demand was for the amount of said original judgment rendered by said justice, with the added interest thereon and costs of suit, amounting, as indorsed on the summons, to the sum of $358.30. A trial was had before the justice, and a judgment

---

* Received from clerk of Appellate Court, August 8, 1927.

rendered in favor of appellant and against said garnishees for said amount.

The cause was appealed by appellees Kienstra & Kesl, to the circuit court of said county. In the circuit court, appellee Curtis James entered his appearance and claimed the funds in the hands of said garnishees, under an alleged assignment. He was made a party to the suit, and on the trial a verdict was rendered in favor of appellant. On motion of appellee Curtis James, the court set aside the verdict and dismissed said garnishment proceeding for want of jurisdiction. To reverse said judgment this appeal is prosecuted.

The only question raised by the assignment of errors is as to whether the justice before whom said garnishment proceeding was instituted had jurisdiction to entertain the same.

It is conceded by counsel for appellant that the demand in said garnishment proceeding exceeded $300. In other words, the demand was for the judgment of $300 with interest thereon from the date of its rendition to the commencement of the garnishment proceeding, together with the costs incident thereto, amounting in all to the sum of $358.30, as indorsed on the summons in the garnishment proceeding.

It is the contention of counsel for appellant that this question is to be determined by ascertaining whether the original claim for which judgment was entered before the justice exceeded his jurisdiction; that, if it did not, the justice would have jurisdiction, even though the added interest and cost increase the demand to a sum in excess of $300. It is the theory of counsel for appellant that the added interest and costs are merely incident to the amount of the original claim on which this judgment was entered, and that the garnishment proceeding is only a statutory mode of collecting the judgment. In support of this conten-

Carstens v. Kienstra & Kesl, 245 Ill. App. 239.

tion, counsel cites *Home Ins. Co. of New York v. Kirk,* 23 Ill. App. 19; *Nesbitt v. Dickover,* 22 Ill. App. 140.

The opinions in these cases were both filed prior to the enactment of the Justices and Constables Act of 1905. In the Justices and Constables Act in force prior to 1905 no reference was made to the amount of the demand in a garnishment proceeding. In *Nesbitt v. Dickover, supra,* the court in discussing this question at page 144 says: "The statute is silent on the subject of the amount of the justice's jurisdiction in cases of garnishee on judgment recovered before him unless the case is covered by the general statute on jurisdiction, which we do not think it is." In paragraph 16 of section 1 of article II, chapter 79, Cahill's Revised Statutes, being the chapter on Justices and Constables, it is stated: "In garnishment by attachment or summons the amount of the claim of garnishor, and not the amount of the answer of the garnishee, shall determine the jurisdiction."

This provision of the statute is so plain that it needs no construction. It provides that the amount of the garnishor's demand determines the jurisdiction of the justice. The demand in this case being in excess of $300, it necessarily follows that it was in excess of the jurisdiction of the justice.

The law further is that: "A Justice of the Peace can exercise no powers except those conferred by the Statute, and whenever he assumes jurisdiction in a case not provided for by statute his acts are null and void." "Where a Justice of the Peace has not jurisdiction of the subject matter of the proceeding, such jurisdiction cannot be conferred by consent of the parties." *Williams v. Blankenship,* 12 Ill. 122. See also *Hull v. Webb,* 78 Ill. App. 617; *Young v. Mueller Bros. Art & Mfg. Co.,* 124 Ill. App. 94.

The court in the latter case says, page 96: "The demand of the plaintiff as stated in the summons issued by the justice of the peace was 'for a demand

not exceeding $200.' The jurisdiction of the justice depends upon the amount claimed by the plaintiff in the summons. *Raymond v. Strobel*, 24 Ill. 113; *Hull v. Webb, supra.*"

The circuit court did not err in granting a new trial and in allowing appellee's motion to dismiss the garnishment proceeding. *Douglas v. Dee*, 194 Ill. App. 612.

For the reasons above set forth, the judgment of the trial court will be affirmed.

*Judgment affirmed.*