## CYRUS HAPGOOD *vs.* FRANK DOHERTY.

A court whose jurisdiction is limited to "cases wherein the debt or damages demanded do not exceed" a certain sum, has jurisdiction of a case in which the *ad damnum* is that sum, although a larger sum is claimed in the declaration.

A statute extending the jurisdiction of justices of the peace to civil actions for the recovery of $100 or less, and requiring any party appealing to give security for the prosecution of his appeal, and for costs, is not unconstitutional as infringing on trial by jury.

ACTION OF CONTRACT, commenced in the justices' court for the county of Suffolk, by a writ which contained a direction to attach goods to the value of $200, and a declaration on an account annexed of $123 for goods sold, and an *ad damnum* of $100. The defendant pleaded to the jurisdiction of the court, that the claim sought to be recovered exceeded in amount the sum of $100. But judgment was given for the plaintiff for the sum of $100, and the defendant appealed to the superior court of Suffolk.

In that court, the parties agreed that the sum actually due from the defendant to the plaintiff was the $123 claimed in the declaration, and submitted the case upon that fact and the pleadings and judgment below. The superior court gave judgment for the plaintiff for $100, which was all he claimed; and the defendant appealed to this court.

*B. Dean,* for the defendant. 1. The *St.* of 1852, *c* 314, § 1, which extends the jurisdiction of justices of the peace, police courts and justices' courts, "to all civil actions wherein the debt or damages demanded do not exceed the sum of one hundred dollars," is to be construed strictly. *Bridge* v. *Ford,* 4 Mass. 641. *State* v. *Hartwell,* 35 Maine, 131. The "debt or damages," intended by the statute, is the actual amount of the debt or contract upon which the plaintiff seeks to recover, not the amount of the *ad damnum,* or the sum which he is willing to take in payment. *Peyton* v. *Robertson,* 9 Wheat. 527. *Winston* v. *United States,* 3 How. 771. *Ross* v. *Prentiss,* 3 How. 771. *Perkins* v. *Rich,* 12 Verm. 595. *Thompson* v. *Colony,* 6 Verm. 91.

*Southwick* v. *Merrill*, 3 Verm. 320. *Sands* v. *Delap*, 1 Scam 168. *Swift* v. *Woods*, 5 Blackf. 97. *Chandler* v. *Davidson*, 6 Blackf. 369. *Gharkey* v. *Halstead*, 1 Ind. 389. *Elderkin* v. *Spurbeck*, 1 Chandl. 69. *Odell* v. *Culbert*, 9 W. & S. 66. *South* v. *Hall*, Coxe, 29. *Ancora* v. *Burns*, 5 Binn. 522. *Mills* v. *Couchman*, 4 J. J. Marsh. 242. Here the amount sued for, as appearing by the declaration, and agreed by the parties, is $123. Even the payment of $100, agreed to be in full satisfaction, would not bar an action for the residue. *Smith* v. *Bartholomew*, 1 Met. 277. *Brooks* v. *White*, 2 Met. 283. *Jackman* v. *Bowker*, 4 Met. 235.

2. The *St.* of 1852, *c.* 314, is unconstitutional, and contrary to the Declaration of Rights, art. 15, because it deprives the defendant of the right of trial by jury, except by appealing and giving sureties to pay the plaintiff's costs. Prov. St. 4 W. & M., Anc. Chart. 217. *Sts.* 1783, *c.* 42; 1797, *c.* 21; 1807, *c.* 123. *Greene* v. *Briggs*, 1 Curt. C. C. 325. *Sullivan* v. *Adams*, 3 Gray, 476.

*P. Willard*, for the plaintiff.

BY THE COURT. 1. Where the original jurisdiction of a court is limited to a claim for a certain amount in money in a case sounding in damages, that amount is to be ascertained by the *ad damnum* expressed in the writ. The plaintiff cannot recover beyond his *ad damnum*, and the judgment of the court cannot exceed it. Yet this judgment will be a bar to the whole claim. The case cited from Wheaton does not apply, because it was replevin, which draws in question the right to specific property, and the damage claimed is merely incidental, and no measure of the amount in controversy. The cases from Howard depend on a statute differently worded. The court are of opinion that if the plaintiff chose to waive the surplus of his claim, which was for goods valued at more than $100 — which was perhaps more than he could have proved — he might do so, and bring his action in the justices' court.

2. It is a sufficient answer to the constitutional objection, that a trial by jury is secured to the defendant on appeal. *Jones* v. *Robbins*, ante, 341, and cases cited. *Exceptions overruled.*