## LAMAS & MÉNDEZ *v.* BETANCOURT.

### APPEAL from the District Court of Humacao.

No. 453.—Decided April 29, 1910.

JURISDICTION OF MUNICIPAL COURTS.—In accordance with the provisions of section 4 of the Judiciary Act of March 10, 1904, the jurisdiction of municipal courts is limited in civil matters to cases which do not involve more than $500.

DEMAND FOR PART OF MONEY DEBT—REMISSION OF PART OF DEBT NOT DEMANDED—JUDGMENT.—A creditor may voluntarily reduce the amount of his credit to bring it within the jurisdiction of a municipal court, but when he does so the balance of the debt will be deemed to have been remitted. In such a case the judgment cannot exceed the amount demanded in the complaint.

ID.—EVIDENCE OF THE CONSTITUTION OF A COMMERCIAL FIRM.—Where a defendant denies in his answer the existence of the plaintiff firm and during the introduction of evidence he acknowledges that he had transacted business with the firm and had an account on the books thereof, he cannot continue

to deny its existence and allege that it has not been proven that such a firm did exist on the ground that no public instrument showing its constitution was presented.

CONFLICTING EVIDENCE—FINDINGS THEREON BY THE TRIAL JUDGE.—In order for the Supreme Court to modify the findings of the trial judge in a case like the one presented, where the evidence is conflicting, it would be necessary to show that in weighing the evidence the judge had been actuated by passion, prejudice, or partiality.

TESTIMONY OF WITNESSES—REFERENCE TO COMMERCIAL BOOKS NOT ADMITTED IN EVIDENCE.—In accordance with the provisions of section 154 of the Law of Evidence, approved March 9, 1905, the court may permit a witness to testify in regard to merchandise sent out or which he had seen sent out, as well as the credits placed to the account of the defendant, and in so doing, to consult the books to refresh his memory, although such books may have been excluded from the evidence because they were not kept in accordance with the provisions of the Code of Commerce.

The facts are stated in the opinion.

*Mr. Juan de Guzmán Benítez* for appellant.

*Mr. Wenceslao Bosch* for respondent.

MR. JUSTICE DEL TORO delivered the opinion of the court.

The plaintiff and respondent firm filed a complaint in the municipal court of San Lorenzo against the defendant and appellant, to recover $500, representing the value of goods purchased in the commercial establishment of the plaintiff.

The debt having been denied, the action was prosecuted and judgment rendered by the municipal court against the defendant, for the sum claimed. The defendant then took an appeal to the District Court of Humacao and a new trial having been held, judgment was also rendered against the defendant for the sum demanded in the complaint. And from the judgment of the district court the defendant took this appeal to the Supreme Court.

The following grounds are alleged in support of the appeal: 1. That the municipal court was without jurisdiction; 2. That the plaintiffs lack capacity to sue; 3. That there is no evidence of the existence of the debt sought to be recovered; and, 4. That the evidence introduced by the defendant shows that such debt does not exist.

Let us examine the first ground.

Although the sum of $500 only is sought to be recovered in the complaint, it was proved at the trial that the account presented by the plaintiff to the defendant, wherein were specified the items going to make it up, amounted to more than $600.

Witness Leoncio Lanza, an employe of the plaintiff, testified: "That the balance of the account of José Betancourt being $360.48 (*sic*) he was sued in the municipal court of San Lorenzo for $500, because in such courts actions cannot exceed $500, and this amount was sued for, leaving a hundred odd to be sued for, no doubt, in another action."

Based on this fact and the provisions of section 4 of the Act to Reorganize the Judiciary of Porto Rico, approved March 10, 1904, which limits the jurisdiction of municipal courts to the cognizance of civil actions, in which the amount involved does not exceed $500, the appellant alleges that the municipal court of San Lorenzo was without jurisdiction in this case, wherein the amount involved was really $630 and not the $500 specified in the complaint.

We have carefully examined the act and the decisions of the American courts and have arrived at the conclusion that the recovery of only $500 having been sought in the complaint, which sum is comprised within the limit fixed by the law, the municipal court acted with jurisdiction in this case.

A creditor may bring an action in a municipal court provided the sum claimed does not exceed that fixed by the law as the limit of the jurisdiction of such court, which sum at the present time in Porto Rico, is $500. If the debt is greater, even though this be proved at the trial, the judgment cannot exceed the sum claimed and the remainder of the debt cannot be enforced later, but must be deemed to have been remitted.

As stated in 11 Cyc., 781, "Where the amount in controversy exceeds that over which the court has jurisdiction, it has been decided that a party may remit that part of his

claim which is in excess and bring the amount within the jurisdiction of the court, and a judgment rendered for the latter amount will be regular.''

"Where the original jurisdiction of a court is limited to a claim for a certain amount in money, in a case sounding in damages, that amount is to be ascertained by the *ad damnum* expressed in the writ. The plaintiff cannot recover beyond his *ad damnum*, and the judgment of the court cannot exceed it. Yet this judgment will be a bar to the whole claim  *  *  *. The court is of the opinion that if the plaintiff chose to waive the surplus of his claim which was for goods valued at more than $100—which was perhaps more than what he could have proved—he might do so, and bring his action in the justices' court.'' (*Hapgood* v. *Doherty,* 74 Mass., 373.)

"When an action for the recovery of $500 only is brought, the county court will have jurisdiction, even though the evidence show that the interest justly due, added to the principal, exceeds that sum. The plaintiff, in such a case, has a clear right to waive any claim for interest which would make the amount exceed the jurisdictional limits of the court.'' (*Wright* v. *Smith,* 76 Ill., 216.)

"The sum which the plaintiff claims to be due, and not that indicated in the document in litigation, determines the jurisdiction. If the sum claimed does not exceed the limit fixed to determine the jurisdiction of the court, the latter may take cognizance of the action, notwithstanding the fact that under the terms of the document in litigation the plaintiff could have claimed more. Any excess is considered to have been remitted.'' (*Litchfield* v. *Daniels,* 1 Colo., 268; 13 Ceat. Dig., 247.)

Let us examine the second ground. The evidence of the plaintiff having been heard, the defendant moved for the dismissal of the complaint, on the ground, among others, that the plaintiff had not established, by means of a public deed, the existence of the firm of Lamas & Méndez, the existence of which he had denied in his answer. The plaintiff objected because the existence of such firm had been alleged in the complaint and, furthermore, because the defendant had impliedly recognized it. And the court denied the petition of the defendant.

We believe that the decision of the district court, in not dismissing the complaint, was proper. It appears from the record that the defendant himself who had denied in his answer, on the ground of insufficient information, the existence of the plaintiff firm, testified at the trial that he was acquainted with the commercial firm of Lamas & Méndez, and although he also testified that he conducted no transactions with them and only bought and paid, the evidence shows that for years he did conduct such transactions, purchasing goods from the firm, not only as a person who enters an establishment and purchases an article, but appearing on the books of the firm and sending the latter money and products, the amount of which was credited to his account, which was liquidated from time to time. According to the testimony of witness, Lamas, the defendant paid, prior to the account sought to be recovered in the action, about $480. And according to witness, Lanza, "in 1907 Betancourt owed a balance of $13.76, which transaction he made with the witness, Betancourt agreeing to this balance, which was included in a memorandum of provisions on the same day, making a total of $70.80." (Statement of facts, p. 4.)

The third and fourth grounds may be considered at the same time. Both refer to the findings of the trial court on the evidence.

At the trial the plaintiff presented documents and witnesses—that is to say, some written orders signed by the plaintiff (appellant?) ordering goods, and the testimony of the following witnesses: Lamas, a member of the plaintiff firm, who, among other things, said, "that after the plaintiff (appellant?) had paid the account of $480, merchandise continued to be supplied him, but observing that the coffee crop was passing and the defendant had not delivered any of it, the account current was sent him in which he alleged a difference of $4, which was credited to him; and as the defendant failed to pay said account, the witness sent his employe, Lanza, who went to Río Grande where the defendant lived,

and saw the coffee, which coffee he did not wish to sell them; Lanza, who testified with the account books before him, and who said that he had personally dispatched almost all the merchandise, and that Betancourt had paid nothing but the sums credited in the account; the defendant, Betancourt, who stated that he did not remember owing Lamas & Méndez anything on account of the purchases he had made; that he used to send money and· coffee to pay for the goods he purchased, and every time he did so they failed to notify him that he owed any difference; that Lanza presented an account to him on January 25 and told him that there was a balance of · six hundred odd dollars; that he did not make any objection to the said account, but put it in his pocket and took it home without saying anything, then examined it and took it to his attorney to ascertain whether it was correct or not, because he did not find that he owed them this amount; and Cuadrado and Rivera who tend to prove that the defendant accepted the account; and the defendant presented witnesses—that is to say, the testimony of· Rivera, Policarpio; Rivera, Pablo; Betancourt; Antonio, Algarin, Roldán and Bonilla—by which he endeavored to show that whenever he sent for goods to the plaintiff firm, he also sent money or products to pay for them.

The trial court held that the evidence proved the truth of the debt and we believe that its findings are just. Furthermore, in order for us to modify the findings upon the facts of the inferior judge in a case like this, in which the evidence is conflicting, it would be .necessary to show that in weighing the evidence the judge had been actuated by passion·, prejudice or partiality.

See on the last point the decisions of this Supreme Court in the following cases: *Román* v. *Am. R. R. Co.* [10 P. R. Rep., 52], decided January 29, 1906; *Morales* v. *Central Machete* [9 P. R. Rep., 117], decided June 19, 1905; *Estate of Iglesias* v. *Bolívar* [11 P. R. Rep., 422], decided December 12, 1906; *Auffant* v. *Serra et al.* [14 P. R. Rep., 39], decided February 5, 1908; *Quevedo* v. *Pino* [15 P. R. Rep., 669], decided

November 16, 1909; *Morales et al.* v. *Landráu* [15 P. R. Rep., 761], decided December 18, 1909; *Irizarry* v. *Trujillo,* decided February 8, 1910.

After going over the questions raised by the appellant, all that remains to be considered now is an exception taken during the hearing of the evidence and which was duly embodied in the statement of facts.

The plaintiff produced its books to prove its claim. These books were not admitted by the court on the objection of the defendant and because they had not been kept in accordance with the provisions of the Code of Commerce. Witness Lanza, an employe of the plaintiff, upon giving his testimony was ordered to do so with the aid of the books. "The defendant then objected to the testimony being continued to be given in that form, because the books are for the purpose of refreshing his memory, but he should not read them item by item. The court decided that he testify to the amounts dispatched by him or which he had witnessed dispatched, as well as the payments on account which the defendant had made, consulting the books to refresh his memory. The defendant took exception." (Statement of facts, p. 4.)

We hold that the ruling of the district court is correct and supported by section 154 of the act to regulate the introduction of evidence in civil proceedings, approved March 9, 1905.

For the reasons stated, the appeal taken should be dismissed and the judgment appealed from, affirmed.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary and Wolf concurred.

Mr. Justice Figueras did not take part in the decision of this case.