THE PEOPLE OF THE STATE OF ILLINOIS, on the relation of HARRISON P. MCCLINTOCK, *v.* ONIAS C. SKINNER, Judge of the Adams Circuit Court.

### APPLICATION FOR A MANDAMUS.

On appeal from a justice of the peace, the jurisdiction of the Circuit Court is no greater than that of the justice.

A Circuit Court should dismiss a suit on appeal, if it appears that the justice of the peace had not jurisdiction of the subject-matter.

A plaintiff in appeal, cannot confer jurisdiction on the Circuit Court, by remitting a portion of the verdict.

On appeal to the Circuit Court from the judgment of a justice, the jury found a verdict for plaintiff exceeding one hundred dollars; the plaintiff offered to remit, and reduce the verdict to that sum: —

*Held*, that the Circuit Court was not bound to enter a judgment for the one hundred dollars; and that plaintiff was not entitled to a judgment. The proper practice in such case, would be for plaintiff to move for a new trial.

THIS was an application to this court for a peremptory mandamus, upon the facts set out in the opinion.

WARREN & EDWARDS, for the relator.

BROWNING & BUSHNELL, *contrà*.

TREAT, C. J. McClintock sued Smith before a justice of the peace, and recovered a judgment for $62.52. On appeal, the jury returned a verdict in favor of McClintock, for $130.62. On the coming in of the verdict, he entered a remittitur for $30.62. Smith made a motion in arrest of judgment, which was overruled; and the court, on its own motion, set aside the verdict, and continued the case. McClintock then entered a motion for a judgment for $100 and costs, which was denied. He has sued out a mandamus from this court, for the purpose of compelling the circuit judge to enter a judgment on the verdict for $100; and, on the foregoing state of facts, a peremptory mandamus must be awarded or refused.

The maximum of the justice's jurisdiction was, one hundred dollars. The result of the first trial showed, *primâ facie*, that

he had jurisdiction of the case. The jurisdiction of the Circuit Court was no greater than that of the justice. It is the duty of a Circuit Court to dismiss a suit, which is before it by appeal, whenever it appears that the justice had no jurisdiction of the subject-matter. Rev. Stat. ch. 59, § 67. The verdict on the second trial showed, *primâ facie*, that the case was not within the jurisdiction of the justice. If more than one hundred dollars was really due on the claim in controversy, the justice was without jurisdiction, and the Circuit Court should have dismissed the case. It is very clear, that the plaintiff could not confer jurisdiction, by remitting a portion of the verdict. The remittitur did not determine that but one hundred dollars were actually due. The circuit judge was probably satisfied, from the evidence, that not more than one hundred dollars was due to the plaintiff; and he, therefore, declined to regard the verdict as a conclusive test of jurisdiction, and dismiss the case. He had no authority to determine the amount of the indebtedness, except on the question of jurisdiction. For every other purpose, the parties had a right to have that fact ascertained by a jury. We cannot say that the Circuit Court has committed any error to the prejudice of the plaintiff. He was not entitled to judgment on the verdict; for, so long as it was permitted to stand, the jurisdiction of the court was, *primâ facie*, avoided. Admit, that the court possessed no authority to set aside the verdict on its mere motion, it does not help the plaintiff's case. If the verdict should be reinstated, the court could not be compelled to enter a judgment on it in his favor. This is all that need be decided on this application. We purposely leave open the questions, whether the court should have sustained the motion in arrest of judgment, and whether it had any power to grant a new trial, except at the instance of a party to the case. It may be added, that the plaintiff might have obviated all difficulty in the case, by asking and obtaining a new trial.

The application for a peremptory mandamus is refused.

*Application denied.*