EDGAR M. READING

v.

JOSEPH H. MEAD ET AL.

1.   JURISDICTION—EVIDENCE SHOWING CLAIM IN EXCESS OF.—When the evidence is all in, and it fairly tends to show a claim in excess of the jurisdiction of the court, then, before the case is submitted either to a court or jury, is the time for the plaintiff, if he has not done it before, to disclaim all right to recover any more than the sum in his *ad damnum*.

2.   REMITTITUR—EFFECT OF.—If the plaintiff fails to so disclaim, a remittitur after verdict or the announcement of the finding of the court, will not do, and can not make such verdict or finding within the jurisdiction of the tribunal.

Reading v. Mead.

Error to the County Court of Cook county; the Hon. Mason B. Loomis, Judge, presiding. Opinion filed April 8, 1885.

Mr. J. C. Scovel, for plaintiff in error; as to jurisdiction, cited Happel v. Brethauer, 70 Ill. 166; Ellis v. Snider, Breese, 336; Korsoski v. Foster, 20 Ill. 32; Bates v. Bulkley, 2 Gilm. 389; Raymond v. Steobel, 24 Ill. 113.

Messrs. Bisbee, Ahrens & Decker, for defendant in error; cited Eddy v. Roberts, 17 Ill. 505; Brown v. Strait, 19 Ill. 89; Bristow v. Lane, 21 Ill. 194; Steel v. Clark, 77 Ill. 471.

McAllister, J.  This was assumpsit, brought in the county court by the Meads against Reading.  The declaration was upon the common counts for one thousand dollars.  The case was tried upon the general issue, by the court, jury trial having been waived.  It appears from the record that the court, upon such trial, found for the plaintiffs, and the amount due to be eleven hundred and forty-five dollars and fifty cents. That sum being in excess of the jurisdiction of the court, which is limited to the sum of one thousand dollars, the plaintiffs' counsel, after such finding, remitted the sum of one hundred and forty-five dollars and fifty cents therefrom, and the court thereupon gave judgment for one thousand dollars, upon which the defendant below brings error to this court.

It is well settled that such finding of the court must be regarded in legal effect the same as the verdict of a jury.  Also that, in such case as this, the question whether or not the sum in question exceeds that of which the court has jurisdiction, must be ascertained from the evidence.  When the evidence is all in, and it fairly tends to show a claim in excess of the jurisdiction of the court, then, before the case is submitted either to a court or jury, is the time for the plaintiff, if he has not done it before, to disclaim all right to recover any more than the sum in his *ad damnum*.  It is perfectly plain, upon principle, that if the plaintiff fails to so disclaim, and submits his case, when the evidence fairly tends to show a claim

beyond the jurisdiction of the court, he is submitting his case to a tribunal which has no legal authority to decide it. For that reason a *remittitur* after verdict or the announcement of the finding of the court, will not do, and can not make such verdict or finding within the jurisdiction of the tribunal. The People ex rel. v. Skinner, 13 Ill. 287.

The judgment of the court below will be reversed and the cause remanded.

Judgment reversed.