# CASES

# APPELLATE COURTS OF ILLINOIS.

## THIRD DISTRICT—MAY TERM, 1898.

### Wabash Railroad Co. v. Amos Barker.

1. PRACTICE—*Remittitur in Appeals from Justices.*—Where a party on an appeal from a justice of the peace receives a verdict for an amount in excess of the justice's jurisdiction, he may remit the excess and have judgment for the remainder.

Trespass to Personal Property.—Trial in the Circuit Court of Macon County; the Hon. FERDINAND BOOKWALTER, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in this court at the May term, 1898. Affirmed. Opinion filed October 5, 1898.

GEO. B. BURNETT, attorney for appellant.

J. W. KEESLAR, attorney for appellee.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

The appellee sued the appellant before a justice of the peace to recover damages for injuring his cattle and recovered a judgment for $187 and costs. From this judgment appellant appealed to the Circuit Court of Vermilion County, and on a trial by jury in that court the appellee recovered a verdict for $189.50 damages, and $30 attorney's fees, upon which the court rendered a judgment for $219.50, from which the appellant prosecutes this appeal.

The appellant urges as grounds of reversal, (1) that the

verdict is contrary to the evidence; (2) that the court gave, at the instance of the appellee, instructions numbered one and four, both of which are improper; and (3) that the amount of the judgment ($219.50) is in excess of the jurisdiction of the Circuit Court, on appeal from the justice of the peace.

Upon the evidence the right of the appellee to recover is made to depend upon whether or not the cattle injured, when struck by the engine of appellant's train, were upon the public road crossing, or on the right of way of the appellant, beyond the cattle-guard. If the latter, the appellee's right to recover is conceded; if the former, his right to recover is denied.

The theory of the appellee is that the appellant's cattle-guard was insufficient to turn cattle, on account of which his cattle went over the same and upon appellant's right of way and were there struck by the train of the appellant and injured. The evidence showed the cattle-guard was insufficient to turn ordinary cattle, and that the appellee's cattle were struck by a freight train of the appellant and damaged to an amount equal to the verdict; it also tended strongly to show that the cattle had gone onto the right of way over this insufficient cattle-guard and were there when struck, notwithstanding the engineer and fireman in charge of the engine that struck the cattle were quite positive the cattle were on the public road crossing when they were struck. We are satisfied from a careful consideration of all the evidence, the jury were justified in finding the cattle injured were, when struck, over the cattle-guard onto the right of way, as they were found, after they were struck, lying, the nearest one sixty and the farthest about 180 feet, on the right of way beyond the cattle-guard; their tracks, and all the indications upon the ground on the road crossing, the fence and cattle-guard, tending strongly to corroborate the theory of the appellee and to contradict the testimony of appellant's engineer and fireman, as to the place where the cattle were when struck.

The two instructions complained of by the appellant were

open to some of the objections urged against them; but we do not believe that the appellant was prejudiced thereby since the instructions given at the instance of the appellant clearly and fully cured all of the evils contained in these two instructions; and, besides, the verdict was fully justified from all the evidence.

Before this case was submitted, this court, upon the uncontested motion of the appellee, allowed a remittitur of $20 from the judgment of the Circuit Court in this case, which will leave it for only $199.50, an amount within the Circuit Court's jurisdiction on appeal from the justice.    That it was the proper practice to allow such remittitur in this court, is expressly decided in C., M. & St. P. Ry. Co. v. Walsh, 57 Ill. App. 448, affirmed in 157 Ill. 672; and in Elgin City Ry. Co. v. Salisbury, 60 Ill. App. 173, affirmed in 162 Ill. 187.

As we find no error in this case that warrants us in reversing the judgment appealed from since the entry of the remittitur, we affirm the judgment of the Circuit Court for $199.50, the amount to which it has been reduced.

Judgment affirmed for $199.50.