## G. B. Hemmingway Company, Defendant in Error, v. George Keagle and Lee Van Loon, Plaintiffs in Error.

1. DAMAGES—*when clerk may assess.* The court may direct the clerk to assess the damages on a hearing without a jury where the damages consist of a definite amount with interest to be added.

2. JUSTICES OF THE PEACE—*jurisdiction on appeal.* On appeal to the county court from a justice of the peace the county court has no greater rights or jurisdiction than the justice.

3. APPEALS AND ERRORS—*want of jurisdiction.* On appeal, where the record discloses upon its face that the trial court had no jurisdiction to render any judgment, no exception or objection is necessary to take advantage of the question of want of jurisdiction.

4. JUSTICES OF THE PEACE—*interest may be added to judgment on appeal.* In an action before a justice, where the amount due for which judgment is rendered is within his jurisdiction, on appeal to the county court interest which accrues after the judgment rendered by the justice may be added to the judgment, though it thereby renders the judgment in excess of the amount of which the justice has jurisdiction, but the record must disclose such facts.

5. APPEALS AND ERRORS—*presumptions.* Where the county court

on an appeal from a justice renders judgment for an amount in excess of the amount of which the justice had jurisdiction with legal interest that might have accrued on the judgment rendered by him, the appellate court cannot presume that the excess of the judgment in the county court above the jurisdiction of the justice is for legal interest added.

6. JUDGMENTS—jurisdiction. If the county court does not have jurisdiction of a case appealed from a justice's court its judgment is void.

7. PRACTICE—when remittitur after judgment in county court on appeal from justice does not confer jurisdiction. Where an action is brought in a justice court and an appeal is taken to the county court, which finds a certain sum to be due plaintiff and renders judgment for such sum, which is in excess of the jurisdiction of the justice, the county court is without jurisdiction and a remittitur of the excess does not confer jurisdiction.

8. PRACTICE—jurisdiction of appeal from justice. The record discloses that the county court did not have jurisdiction of a cause on appeal from a justice where the county court found a sum in excess of the justice's jurisdiction to be due plaintiff and rendered judgment for that amount and a remittitur of the excess was filed.

CREIGHTON, J., dissenting.

Error to the County Court of Sangamon county; the HON. JOHN B. WEAVER, Judge, presiding. Heard in this court at the April term, 1912. Reversed. Opinion filed March 18, 1913. Rehearing denied April 18, 1913.

E. L. CHAPIN and THOMAS L. JARRETT, for plaintiffs in error.

JAMES H. MATHENY, for defendant in error.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

Plaintiffs brought suit in a justice court in Sangamon county against defendants, upon a former judgment recovered by plaintiffs against the defendants. The cause was heard on appeal in the court without a jury and the following record made:

G. B. Hemmingway Co. v. Keagle, 181 Ill. App. 5.

"Now on this day comes the plaintiff herein in proper person and by their attorneys and the defendants herein in proper person and by their attorneys also come, this cause being now called for trial, the issues herein being fully joined, the intervention of a jury having been waived and this cause now being heard by the Court and the Court having heard all of the evidence adduced herein and arguments of counsel thereon, and being sufficiently advised in the premises, finds the issues for the plaintiff, Thereupon the Clerk is ordered by the Court to assess damages, and the Clerk having assessed the damages herein, reports the same to the Court in the sum of $232.23. Thereupon it is ordered and directed by the Court that the plaintiff, the G. B. Hemmingway Company have and recover of the defendants, George Keagle and Lee Van Loon, the sum of $232.23, damages as aforesaid, together with its costs and charges by it herein expended, that execution issue therefor. And now on this day, March 30, 1911, one of the days of the same term, comes plaintiff herein by its attorney and on its motion it is ordered by the Court that the sum of $32.23 be and the same is remitted to said defendants out of the judgment heretofore rendered against them in this court."

Defendants prosecute the writ of error and insist that the judgment should be reversed for the reason that it was error to direct the clerk to assess the damages and that the county court had no jurisdiction to render a judgment because the damages found to be due, and the judgment rendered is in excess of the jurisdiction of the justice of the peace.

The record does not disclose that defendant's attorneys who were present in court took any exception or made any objection to the order of the court directing the clerk to assess the damages. No motion for a new trial was made and no bill of exceptions is preserved.

It was not error to direct the clerk to assess the damages on a hearing before the court without a jury

where the damages consist of a definite amount with interest to be added.

Upon the contention that the county court was without jurisdiction, that court had no greater rights or jurisdiction than the justice of the peace court in which the action originated.

It is insisted by plaintiff that because no exception or objection was made to any action of the trial court and preserved by bill of exceptions, that there is, therefore, nothing in this court to review. While the general rule of law as invoked by plaintiff is correct, where the trial court has jurisdiction of the parties and the subject-matter, but where the record discloses upon its face that the trial court had no jurisdiction to render any judgment, then no exception or objection is necessary to take advantage of the question of want of jurisdiction. Plaintiff also insists that although the original judgment was rendered for an amount in excess of the jurisdiction of the justice of the peace, that the fact that the justice of the peace originally rendered his judgment for an amount within his jurisdiction and because the remittitur entered by plaintiff in the county court reduced the amount that could afterwards be collected on the judgment to an amount for which the justice of the peace had jurisdiction, the question of jurisdiction is finally and conclusively settled. It will be conceded that if the amount due at the time that the justice of the peace rendered his judgment was for an amount within his jurisdiction, then on appeal to the county court, interest which accrues after the judgment rendered by the justice of the peace may be added to the judgment on appeal although it does thereby render the judgment in excess of the amount of which the justice of the peace had jurisdiction; but where such is the case, the record must disclose such facts; but the amount for which the county court rendered judgment is in excess of the amount for which the justice of the peace had jurisdiction with

legal interest that might have accrued on the judgment rendered by him between the time of the rendition of his judgment and the hearing in the county court. Consequently, this court cannot presume that the excess of the judgment in the county court, above the jurisdiction of the justice of the peace, is for legal interest added. If the county court did not have jurisdiction its judgment is void. In determining the question of the jurisdiction it is necessary for this court to determine whether where the judgment rendered by the trial court is in excess of the jurisdiction of the justice of the peace a remittitur from that judgment of such excess will cure the error of rendering a judgment in excess of the court's jurisdiction.

It will all be conceded that upon the trial, either before the justice of the peace or upon appeal in the county court, where it is disclosed that the amount due exceeds the jurisdiction of the justice of the peace, either before the cause has been submitted to the jury, or before the court has made any announcement of its findings, if tried by the court without the intervention of a jury, the plaintiff may disclaim all in excess of the jurisdiction of the justice of the peace and thereby reduce his claim so as to give the justice and the county court jurisdiction. But we have been cited to no authority, and we know of none, permitting plaintiff to confer jurisdiction by a remittitur after the court has determined that the amount due exceeds its jurisdiction. In *People* v. *Skinner*, 13 Ill. 287, the Supreme Court has held that where a verdict has been rendered in excess of the jurisdiction of the justice of the peace that the plaintiff cannot thereafter remit the excess and by that act confer jurisdiction upon the court. The same rule is followed in *Reading* v. *Mead*, 16 Ill. App. 360.

From what has been said in these cases, we are of the opinion that when the county court found upon the assessment of damages by the clerk that the amount

due plaintiff was $232.23, that as to the trial then had the county court was ousted of the jurisdiction of this cause and that the remittitur of $32.23 could not confer jurisdiction upon that court. The remittitur did not reduce the judgment, and no other judgment was ever rendered, all that the remittitur did was to credit $32.23 on the judgment and thereby reduced the amount plaintiff could collect on his judgment. Any execution issued upon this judgment by the clerk would necessarily have to recite the amount of the judgment, and credit it with the amount of the remittitur. And from what is held by the Supreme Court in 13 Ill. 287, *supra,* and followed by the Appellate Court of the First District, 16 Ill. App. 360, *supra,* we hold that the record discloses that the county court did not have jurisdiction of the cause, and that it should have been dismissed by the court upon the report of the clerk showing the damages to be $232.23. The remittitur does not comply with section 6, ch. 70, Hurd's R. S. 1911, which requires the reduction to be made before judgment.

The cause having been submitted to the court without a jury, final judgment will be rendered in this court and the judgment of the county court reversed and the suit dismissed at plaintiff's costs.

*Reversed.*

MR. JUSTICE CREIGHTON dissents from the views herein expressed and from the conclusion arrived at.