HARRY RUBENSTEIN, Appellant, v. FRANK DE ROSA Co., INC., Respondent.

Supreme Court, Appellate Term, First Department, December 30, 1925.

**Municipal Court of City of New York — jurisdiction — complaint, in action to recover chattel, alleging value of chattel to be $750, demanded $1,000 as damages for its unlawful detention — complaint alleged second cause of action for breach of contract for which additional $1,000 was demanded — Municipal Court of City of New York has jurisdiction under Municipal Court Code, § 6, subds. 1, 2.**

Under subdivision 2 of section 6 of the Municipal Court Code, which confers jurisdiction upon the Municipal Court of the City of New York, in actions " to

recover a chattel * * * the aggregate value of which does not exceed one thousand dollars, with or without damages for the taking or the detention thereof," said court has jurisdiction in an action to recover the value of a chattel in which the complaint alleges the value of the chattel as $750, and also demands $1,000 as damages for the unlawful detention thereof.

If a second cause of action for a breach of contract, in which an additional $1,000 damages is sought, is merely another form or count for the relief demanded for unlawful detention, it may be disregarded. If it is another cause of action, the court had jurisdiction thereof under subdivision 1 of section 6 of the Municipal Court Code, since the " amount claimed in the summons " was only $750, and the court should have permitted an amendment of the complaint.

APPEAL by plaintiff from a judgment of the Municipal Court, Borough of Manhattan, Seventh District, in favor of defendant, in the sum of $1,055.74 upon its counterclaim and from an order dismissing the complaint without prejudice, after a trial by a judge and a jury.

*Edward Friedman,* for the appellant.

*Morris M. Baker,* for the respondent.

PER CURIAM. Plaintiff's summons demanded judgment, for $750 and was indorsed " action to recover a chattel." Later, in compliance with an order of the court, plaintiff filed a verified complaint. This complaint alleges that the value of the chattel was $750 and alleges $1,000 as damages for its unlawful detention. There was also a second cause of action apparently for breach of contract in failing to repair, paint and deliver on a certain date an automobile (presumably the one sought to be replevied), for which an additional $1,000 is demanded.

Defendant moved to dismiss the complaint on the ground that the Municipal Court had no jurisdiction over the cause of action alleged " because the amount sued for in the complaint exceeded the jurisdiction of the court." This motion was granted, but we think erroneously. Subdivision 2 of section 6 of the Municipal Court Code confers jurisdiction in actions " to recover a chattel * · * * the aggregate value of which does not exceed one thousand dollars, with or without damages for the taking or detention thereof." The effect of this provision is that if after trial the value of the chattels proves to be greater than $1,000 the Municipal Court will be divested of jurisdiction, otherwise it retains jurisdiction even if the damages for the detention be greater than $1,000. (*Barnard* v. *Devine,* 34 Misc. 182.)

If the second cause of action is merely another form or count for the relief demanded for unlawful detention it may be disregarded. If it is another and independent cause of action, the court nevertheless had jurisdiction of the action under subdivision 1 of said section

6, since the "amount claimed in the summons" was only $750 and the court should have permitted the amendment of the complaint asked for. (See *Van Clief* v. *Van Vechten,* 130 N. Y. 571, 581, 582.)

The judgment is, therefore, reversed and a new trial ordered, with thirty dollars costs to appellant to abide the event.

All concur; present, BIJUR, LEVY and CHURCHILL, JJ.