CLEMENTINE L. FADER, Plaintiff, *v.* WILLIAM M. SILVERMAN and Another, Defendants.

Municipal Court of New York, Borough of Manhattan, Third District, November 27, 1933.

*Daniel M. Krauskopf*, for the plaintiff.

*Joseph Henry Kantrow*, appearing specially for defendant William M. Silverman.

GENUNG, J. Defendant William M. Silverman, appearing specially, moves to dismiss the complaint for lack of jurisdiction of the subject-matter. The summons asks for judgment " for the amount stated in the complaint." The complaint states two causes of action in contract. One is against William Silverman for $569. The other is against Augusta Rose Silverman for $511. Plaintiff asks for judgment against defendants for the respective sums. The theory of the motion is that since the aggregate of the claims is in excess of $1,000, the court is without jurisdiction of the action. (Mun. Ct. Code, § 6, subd. 1.)

If the summons, either directly (*Gerken* v. *Gerken*, 199 N. Y. Supp. 169), or by reference to the complaint (*Heffron* v. *Jennings*, 66 App. Div. 443), asserted a demand for judgment in excess of $1,000 as against any one of the defendants, the objection would present an insuperable difficulty to the maintenance of the suit. It would then be without the purview of the court's jurisdiction. The case is not different because plaintiff asks for less than $1,000 against each defendant, by separate causes of action against each. In the aggregate, the amount claimed by plaintiff is still over $1,000. It is true that two or more plaintiffs may band together in one action and each ask for $1,000 for himself. (*Sirop* v. *Greenwood Co.*, 134 Misc. 836.) But this is far from saying that any one plaintiff, or the single plaintiff, may demand more than $1,000. The jurisdictional limitation is directed to the amount claimed by one plaintiff or any individual plaintiff. The legislative restriction does not yield to the circumstance that plaintiff's aggregate demand in excess of $1,000 is composed of distinct causes of action against multiple defendants, for less than $1,000 each. If the component causes of action, when combined, demonstrate that a single plaintiff demands judgment for more than $1,000, and if this is the purport of the demand asserted in the summons, the court's jurisdiction does not attach to the suit.

It is urged that power exists to permit an amendment by conforming the amount claimed to the permitted maximum under the statute. Had the summons asked for $1,000 or less, the power to grant an amendment of the complaint would be amply present (*Rubenstein* v. *DeRosa Co., Inc.*, 126 Misc. 314), and would unhesitatingly be exercised. But since the amount demanded in the summons, by reference to the complaint (*Heffron* v. *Jennings, supra*) is in excess of the jurisdictional sum, the power to grant an amendment, which can only be exercised upon the hypothesis that the court has jurisdiction of the cause, does not exist. (*Gerken* v. *Gerken, supra*.)

Motion granted; objection sustained; complaint dismissed; submit order.