G. R. Binger, d. b. a. Binger Lumber and Coal Company, Appellee, v. Sam J. Baker, Appellant.

Gen. No. 10,029.

Heard in this court at the May term, 1945. Opinion filed October 22, 1945. Released for publication November 12, 1945.

CLARENCE J. SCHROEDER, of Rock Island, for appellant.

SIDNEY S. DEUTSCH, of Rock Island, for appellee.

MR. JUSTICE BRISTOW delivered the opinion of the court.

This is an appeal by Sam J. Baker from the county court of Rock Island county, seeking to reverse a judgment entered against him, for the plaintiff, a dealer in lumber and coal. Suit was originally instituted in a justice of peace court, seeking recovery for materials furnished defendant, a builder and contractor. The jury in the justice court and the county court found the issues for the plaintiff. After reading the record, we are convinced that the plaintiff's claim was meritorious and that the jury's verdict was sustained by the evidence.

Only a few errors are assigned and argued for a reversal in the court. The appellant condemns one instruction given on behalf of appellee, but there appears a failure to abstract any of the other instructions. Consequently, we are not in a position to consider this claim error. Our Supreme Court in the case of *City of Roodhouse v. Christian*, 158 Ill. 137 at page 141 said:

"All the instructions asked upon the trial should be set forth in the abstract. Parties have no right to set forth a single instruction, or the instructions given on one side of the case, and object to the same, leaving the court to go to the record for the purpose of determining whether others supply omissions or cure defects complained of."

To like effect is the case of *Govekar v. Kweder,* 296 Ill. App. 402.

▇ More seriously urged is the assigned error that the trial court lost jurisdiction to enter judgment for the plaintiff inasmuch as the jury returned a verdict in the sum of $509.10. The plaintiff, before judgment was entered, made an oral motion to remit the amount in excess of $500, the admitted jurisdictional limit of the county court in this case.

Subparagraph 6 of paragraph 16 of chapter 79, Ill. Rev. Stat. 1943, State Bar Edition [Jones Ill. Stats. Ann. 71.012, subpar. 6], which limits and defines the jurisdiction of a justice of the peace, among other things states:

"For damages for fraud in the sale, purchase or exchange of personal property, and where the action of debt or assumpsit lies. This section applies to claims originally exceeding five hundred dollars, if the same, at the time of rendition of the judgment, are reduced by credits or deductions to an amount not exceeding five hundred dollars."

A reading of the cases cited by appellant in support of his contention that judgment entered herein was invalid, indicates that the courts did not take into consideration the above statute. One of the cases cited by appellant is that of *G. B. Hemmingway Co. v. Keagle,* 181 Ill. App. 5, in which case the court said on page 10:

"The remittitur does not comply with section 6, ch. 70, Hurd's R. S. 1911, which requires the reduction to be made before judgment."

In the instant matter, plaintiff made such appropriate reduction in apt time.

This case having been commenced in the justice of peace court, the jurisdictional limit was five hundred dollars. Likewise, the limit of recovery in the appellate tribunal, which happened to be the county court,

was five hundred dollars. The same statute which imposed this limitation and restriction on the justice and county courts, also created the right of a litigant to make a reduction when the jurisdictional limit was exceeded. It is unreasonable to assume that only the justice court had the power to permit a remittitur. This was a trial *de novo,* and we believe that since the county court was operating under and controlled by the same act, it too had the power to permit a reduction in the amount found by the jury, so that judgment could be entered in an amount not in violation of the statute.

Parties to this appeal have cited the following cases which considered this problem:

*People ex rel. McClintock v. Skinner,* 13 Ill. 287; *G. B. Hemmingway Co. v. Keagle,* 181 Ill. App. 5; *Werner v. Illinois Cent. R. Co.,* 379 Ill. 559–566; *Raymond v. Strobel,* 24 Ill. 113; *Douglas v. Dee,* 194 Ill. App. 612; *Wabash R. Co. v. Barker,* 79 Ill. App. 331.

We have read those cases and reached the conclusion that the county court was not without jurisdiction to enter the judgment entered herein. It should, therefore, be affirmed.

*Judgment affirmed.*