Anthony S. Ras and Norman A. Handelsman, Plaintiffs-Appellees, v. Allan Anthony Electric Corp., a Corporation, Allan Anthony, et al., Defendants-Appellants.

Gen. No. 49,467.

First District, Third Division.

January 21, 1965.

Edward M. Platt, of Chicago, for appellants.

Seymour J. Layfer, of Chicago (Fred Herzog, of counsel), for appellees.

MR. PRESIDING JUSTICE DEMPSEY delivered the opinion of the court.

The principal issue raised by this appeal is whether the County Court, under the statute in effect at the time this action was commenced, had jurisdiction of a case containing several distinct causes of action each of which claimed an amount less than the $2,000 jurisdictional limit of the court but which collectively asked judgment in excess of that limitation.

This issue was not raised in the trial court. A jurisdictional question can, however, be raised at any time, even on appeal, and the defendants did not waive the issue by not urging it in the trial court nor did they do so by their appearance and participation in the trial. Werner v. Illinois Cent. R. Co., 379 Ill 559, 42 NE2d 82; Bratkovich v. Bratkovich, 34 Ill App2d 122, 180 NE2d 716.

The precise question here argued cannot arise again because the new Judicial Article, effective January 1, 1964, merged the County Courts of our state into the Circuit Court, and the applicable statute which

defined the jurisdiction of County Courts has been repealed. However, it is possible that a comparable question might arise under the statute which defines the matters assignable to magistrates of the Circuit Court. This statute (Ill Rev Stats 1963, c 37, § 622, effective January 1, 1964) provides that civil proceedings may be assigned to magistrates, "When the amount of money or damages or the value of personal property claimed does not exceed $5,000 . . . ." This language closely resembles the language of the statute under which the present lawsuit was tried. [But see chapter 37, paragraph 628.] The repealed statute was as follows:

> "The County Courts shall have concurrent jurisdiction with the Circuit Courts in all that class of cases . . . where the amount claimed or the value of the property in controversy shall not exceed two thousand dollars ($2,000). . . ." Ill Rev Stats c 37, § 177 (1963). (Repealed as of Jan 1, 1964, by act approved, Aug 9, 1963.)

The plaintiffs, who are attorneys at law, filed a three-count complaint in the County Court of Cook County alleging that they had not been paid for legal services rendered to the several defendants. Count I asked judgment against Allan Anthony Electric Corporation for $750. The second count prayed damages against Allan Anthony and Cecile Anthony, his wife, in the sum of $2,000. Count III was directed to Donald Anthony and Delores Anthony, his wife, and claimed $750 damages. The aggregate amount thus claimed was $3,500 and well in excess of the $2,000 jurisdictional limitation.

At the conclusion of the trial counsel stipulated that the jury should return but one general verdict and that the court could allocate the general verdict among the three counts of the plaintiffs' complaint in whatever manner it saw fit. The jury subsequently

returned one verdict which assessed damages against all of the defendants in the sum of $3,500. Thereupon the court divided this sum among the defendants in exact accordance with the ad damnum clause of each count and entered three separate judgments thereon.

The statute quoted above provided that the jurisdiction of the County Court depends upon the "amount claimed." In actions sounding in damages the amount claimed is to be ascertained by the ad damnum clause. Barnard v. Rubin, 341 Ill App 251, 93 NE2d 159; Kieper v. American Coal & Supply Co., 187 Ill App 131. The problem here is that there is more than one ad damnum clause and that there are three "amounts claimed" by the plaintiffs. The pertinent statutory language, in form unaltered since the creation of the statute in the last century, yields no single solution to the problem and no Illinois case has been cited which either interprets the statute or is determinative of the issue here presented.

A somewhat analogous question was before this court in Tomaso v. Sestak, 321 Ill App 363, 53 NE 2d 134. There the plaintiff's complaint as amended in the Municipal Court of Chicago consisted of two counts. The first claimed $1,000 for personal injuries and the second sought $1,200 for property damage. At that time the monetary jurisdiction of the Municipal Court for personal injury claims was $1,000. The defendant contended that the court was without jurisdiction because the total amount claimed exceeded its personal injury jurisdiction. This court held that a plaintiff could properly separate his two claims into separate counts in one suit as long as neither count exceeded the court's jurisdiction for that particular type of claim.

Although no court of our state has directly interpreted the statute we are considering, courts of other states have interpreted similar statutes but we have

found no unanimity among their decisions. 21 CJS, Courts, sec 63, pp 77, 78. The defendants rely on three of these cases. These are: Shidler v. Piedmont Land Co., 50 Ohio App 256, 198 NE 60; Salitan v. Dashney, 219 Ore 553, 347 P2d 974; Fader v. Silverman, 149 Misc 590, 267 NYS 782 (1933). The first two of these may be distinguished from the instant case in that the several causes of action in both cases claimed damages from only one defendant. In the Ohio case the court indicated that the basis for its decision was that the trial court entered but one judgment which was in excess of the jurisdictional limit. In the Oregon case the court emphasized the fact that the governing statute granted an exception to the jurisdictional limitation in the case of counterclaims in that it provided that jurisdiction would lie when claims and counterclaims added together exceeded the jurisdictional sum. The court reasoned that the expression of one exception implied that other exceptions would also be expressed. There are no provisions for counterclaims in the Illinois statute and this argument is therefore inapplicable here. The New York case cited by the defendant is in point but there are more recent decisions in that state which hold to the contrary. Kalmanowitz v. Solomon, 22 Misc2d 988, 198 NYS2d 928 (1960); Robles v. Rushfield, 7 Misc2d 734, 166 NYS2d 612 (1957). These later decisions hold that a plaintiff can join two separate causes of action in one complaint if the demand in each is within the jurisdictional limit of the court. Other states also hold that the amount of each separate demand, and not the aggregate of the various demands which may be joined in one action, determines the jurisdictional amount. Schaap v. State Nat. Bank, 137 Ark 251, 208 SW 309; Johnson v. Cooke, 85 Conn 679, 84 A 97.

180

We find the cases last cited more persuasive and more in line with our Civil Practice Act which permits the joinder of various causes of action in one complaint. Ill Rev Stats (1963), c 110. This Act (the provisions of which were applicable to county court actions: c 110, § 1, c 37, § 284) expresses a legislative intent to encourage the joinder of claims and thereby avoid multiplicity of lawsuits, promote trial convenience and conserve time, manpower and litigants' costs. Section 24 of the Act concerns the joinder of defendants and provides that any person may be made defendant who is alleged to have an interest in any part of the controversy or against whom a liability is asserted either jointly or severally arising out of the same transaction or series of transactions, regardless of the number of causes of action joined. It is not necessary that each defendant be interested as to all the relief prayed for, or as to every cause of action included in any proceeding against him. Section 33 (2) provides that each separate claim or cause of action upon which a separate recovery might be had shall be stated in a separate count. Section 43(1) enables a party to plead in one complaint as many causes of action as he may have. Section 44 provides that plaintiffs may join any causes of action against any defendant or defendants and, finally, section 50(1) empowers the court to enter more than one judgment in the same cause.

There are three separate and distinct causes of action in the present case, but the three counts are based upon identical factual allegations and it is likely that the same questions of law are involved. If the plaintiffs had filed three separate lawsuits no jurisdictional question would arise. Yet in view of there being the same questions of fact and law there is little doubt but that upon timely motion the three

cases would have been consolidated for trial. The granting of such a consolidation motion would be a matter of routine practice and clearly would not violate the jurisdictional requirements of the statute. In short the cases would be tried together if filed separately. It would be scarcely logical to find that they must be tried separately because filed together.

■ For these reasons we cannot accept the defendants' contention that the plaintiffs should be compelled to bring separate actions against separate defendants when each action is within the jurisdictional bounds of the court and all are based upon the same issues of fact and law. Not only would such a requirement fail to implement the legislative policy on joinder of actions but it would also place a burden on the court and litigants to seek the same result by way of the more expensive and circuitous consolidation route.

We hold that the County Court had jurisdiction in this action. The ad damnum of each properly joined but separate claim as well as the judgment entered on each claim was within the limits of the statute. The County Court has determined no single controversy in excess of its jurisdiction.

■ The defendants raise other arguments against the jurisdiction of the court. First they claim that because the single verdict of the jury was in excess of the jurisdictional limit, the court did not have the power to apportion the verdict among the various defendants. This argument is without merit. The fact that the verdict of the jury exceeded the statutory limit did not cause the court to lose jurisdiction to enter judgment for the plaintiffs within the jurisdictional amount. The verdict of the jury is not a jurisdictional criterion. Binger v. Baker, 326 Ill App 639, 63 NE2d 256; Styblo v. McNeil, 317 Ill App 316, 45 NE2d 1011; Kidd v. North American Provision Co.,

249 Ill App 28. In the Styblo v. McNeil case the jury verdict was for an amount in excess of the Municipal Court's jurisdiction. The plaintiffs, who were husband and wife, filed a two-count complaint. Louise Styblo asked for $1,000 damages for personal injuries; her husband asked for damages to his auto. The jury returned verdicts of $1,500 for Louise and $180 for her husband. A judgment of $1,000 [the limit of the Municipal Court's jurisdiction at that time] was entered for Louise and one for $180 for her husband. The defendant maintained that the trial court should not have entered judgment in favor of Louise because the verdict exceeded the jurisdictional limit of the court. This court held that the trial court had jurisdiction of the subject matter during the trial and at the time the judgment was entered and that the amount of the judgment, not the amount of the verdict, determined jurisdiction.

Next the defendants argue that the court had no basis for apportioning the verdict among the several defendants. The stipulation entered into by the parties is not in the record filed in this court by the defendants, but the judgment order of the trial court is in the record and it states that the parties stipulated that the court could allocate the general verdict among the three counts of the plaintiffs' complaint in whatever manner it saw fit. Further, the defendants' praecipe made no request for the report of the proceedings at the trial and therefore the record does not contain the report. In the absence of a transcript of the evidence it must be assumed that the evidence supported the trial court's apportionment of the verdict among the several defendants. Smith v. Smith, 36 Ill App2d 55, 183 NE2d 559; In re Estate of Gilbert, 319 Ill App 15, 48 NE2d 567.

The final argument also concerns the stipulation of the parties. The defendants assert that the

stipulation implied that the one verdict could not exceed $2,000. In support thereof they cite the principle that parties cannot stipulate to extend the jurisdiction of the court. While we concur in this principle, we do not believe that the stipulation in this instance achieved such an effect. We find no implication in the stipulation that the one general verdict would be confined to $2,000.

The judgments are affirmed.

Affirmed.

SULLIVAN and SCHWARTZ, JJ., concur.