KATINA BENSON, Plaintiff, v. ALVIN ABBOTT *et al.*, Defendants (Alvin Abbott, Cross Defendant-Appellant; Dale Ganaway, Cross Plaintiff-Appellee).

Third District No. 3—01—0258

Opinion filed November 28, 2001.—Modified on denial of rehearing January 22, 2002.

Brian C. Ivers (argued) and Thad J. Murphy, both of McDonald, Stonebraker, Cepican & Woodward, P.C., of Davenport, Iowa, for appellant.

Peter C. Fieweger (argued), of Katz, Huntoon & Fieweger, P.C., of Rock Island, for appellee.

PRESIDING JUSTICE HOMER delivered the opinion of the court:
Katina Benson filed a small claims action against Alvin Abbott and Dale Ganaway to recover damages arising from an automobile accident. Ganaway filed a two-count cross-claim against Abbott and was awarded a judgment of $7,348.91. Abbott appeals the amount of the award. We reduce the award to $5,000 and remand for further proceedings.

## BACKGROUND

The plaintiff, Katina Benson, was a passenger in a car driven by one of the defendants, Dale Ganaway. Ganaway was driving behind a car driven by the other defendant, Alvin Abbott. When the two cars collided, Benson and Ganaway were injured. Benson filed a small claims action against Ganaway and Abbott seeking monetary damages for her injuries.

Ganaway brought a cross-claim against Abbott alleging Abbott's negligence as the proximate cause of the accident. In count I of his cross-claim, Ganaway sought recovery for damages to his vehicle in the amount of $4,064.11. In count II, Ganaway originally sought $8,000 for personal injury damages, but moved to reduce that amount to $5,000 just before trial. At trial, the court awarded Ganaway $4,063.91 for property damages and $3,285 for personal injury damages. The total amount of damages awarded Ganaway was $7,348.91.

Abbott filed a posttrial motion to reduce damages to $5,000. The court denied Abbott's motion and Abbott appeals.

## ANALYSIS

The sole question before this court is whether the circuit court had authority to award Ganaway more than $5,000 in damages on his two-count small claims complaint against Abbott. Abbott argues that the total amount of damages in a small claims action cannot exceed $5,000. Ganaway, on the other hand, argues that each count of his cross-claim constituted a separate cause of action and that his individual awards were within the small claims limit.

■ Supreme Court Rule 281 provides that: "[A] small claim is a civil action based on either tort or contract for money not in excess of $5,000, exclusive of interest and costs, or for the collection of taxes not in excess of that amount." 166 Ill. 2d R. 281. Judicial interpretation of a supreme court rule is a question of law. *State Farm Insurance Co. v. Kazakova*, 299 Ill. App. 3d 1028, 1031, 702 N.E.2d 254, 257 (1998). This court reviews questions of law *de novo*. *State Farm*, 299 Ill. App. 3d at 1031, 702 N.E.2d at 257.

The specific question raised in this case has not been addressed in Illinois case law; however, there are related cases that aid our analysis. Ganaway maintains that the case of *Tomaso v. Sestak*, 321 Ill. App. 363, 53 N.E.2d 134 (1944), supports his position. In *Tomaso*, a plaintiff sought relief for personal injuries and property damage in the municipal court of Chicago. At that time, damage awards for personal injury could not exceed $1,000 in that court. However, there was no limit on property damage awards. The appellate court concluded that the plaintiff could bring both claims in the same action, but that the plaintiff could not receive a judgment in excess of $1,000 for personal injuries.

Ganaway points out that the *Tomaso* court treated the plaintiff's claims for personal injury and property damage as separate actions. Ganaway argues that this holding should extend to the case at bar. However, the weight of authority does not favor Ganaway's contention that his two negligence claims are separate causes of action. Notably,

in *Rice v. Burnley*, 230 Ill. App. 3d 987, 992, 596 N.E.2d 105, 107 (1992), a plaintiff set forth multiple counts seeking recovery for negligence, but the court held that the separate counts did not amount to separate actions. See also *River Park, Inc. v. City of Highland Park*, 184 Ill. 2d 290, 703 N.E.2d 883 (1998) (holding that for purposes of *res judicata*, separate claims will be considered the same cause of action if they arise from a single group of operative facts, regardless of whether they assert different theories of relief).

■ Ganaway also points to *Ras v. Allan Anthony Electric Corp.*, 55 Ill. App. 2d 176, 204 N.E.2d 797 (1965), in support of his argument, but the facts before the court in *Ras* are not parallel to the circumstances we face in this case. Because the plaintiff in *Ras* sued three separate defendants in three separate counts, the trial court held that each count was a separate cause of action. Since each award against each defendant was below the authorized limit, the lower court's judgment was affirmed. *Ras*, 55 Ill. App. 2d at 182, 204 N.E.2d at 801.

Although separate causes of action existed in *Ras*, the same is not true in this case. Ganaway's two counts are against a single defendant and arise out of a single occurrence. Consequently, we hold that Ganaway's two negligence claims are part of the same cause of action.

Pursuant to Supreme Court Rule 281, a court may not award a plaintiff more than $5,000 in a small claims action. Because the court lacked the authority under Rule 281 to award Ganaway more than $5,000 in damages, we reduce the award from $7,348.91 to $5,000 pursuant to our authority set forth in Supreme Court Rule 366(a) (155 Ill. 2d R. 366(a)).

## CONCLUSION

The judgment of the circuit court of Rock Island County is modified in accordance with this opinion. We remand this cause to the circuit court for proper apportioning of the award.

Affirmed as modified; remanded with directions.

LYTTON, P.J., and BRESLIN, J., concur.